GREAT NORTHERN RAILWAY COMPANY *v.* KNAPP.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 690. Argued February 24, 1916.—Decided March 20, 1916.

Where there is no question as to the interpretation of the Employers' Liability Act or as to the definition of legal principles in its application, but the question is simply whether there were matters for determination of the jury, this court, with due regard to the appropriate exercise of its jurisdiction, will not disturb the decision of the court below unless error is palpable.

In cases of this sort arising under the Employers' Liability Act, not be-

ing of exceptional character, this court confines itself to the mere announcement of its conclusion, as it does, in this case, of affirmance. 130 Minnesota, 405, affirmed.

THE facts, which involve the validity of a verdict and judgment in suit for personal injuries under the Federal Employers' Liability Act, are stated in the opinion.

*Mr. A. L. Janes,* with whom *Mr. E. C. Lindley* and *Mr. M. L. Countryman* were on the brief, for plaintiff in error.

*Mr. Tom Davis,* with whom *Mr. Ernest A. Michel* and *Mr. John I. Davis* were on the brief, for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This action was brought under the Federal Employers' Liability Act. The plaintiff (defendant in error) was the station agent at Dassel, Minnesota. It was a part of his duty to attend the pump house some distance from the station, once or twice a day, and keep filled the water tank for locomotives. The water was pumped by means of a gasoline engine, and the pump and engine were in a small room. In proceeding to start the pump at the time in question, the plaintiff's arm was caught in the clutch of the engine and cut off. As the Supreme Court of the State put it, the plaintiff claimed that "he lost his balance, either through a slip upon the greasy floor or a jerk by his coat being drawn into the fly wheel or shaft, and in striking out to catch himself his hand and part of the arm came between the crank of the shaft and top of the hood which partially but inadequately guarded it." The state court deemed the evidence to be 'very clear' that it was practicable to interpose safeguards 'so as to fully protect from danger those who had to pass by.' The plaintiff alleged negligence in his employer, in failing to provide suitable

protection; the company denied negligence and insisted upon the defense of assumption of risk. The trial court held that upon the evidence these questions were for the jury, and there was a verdict for the plaintiff. On motion, a new trial was ordered unless the plaintiff should remit a portion of the damages, and, this being done, judgment was entered which was affirmed by the Supreme Court of the State. 130 Minnesota, 405.

It was conceded that when the injury was received, plaintiff was engaged in work pertaining to the defendant's business as a common carrier in interstate commerce, and that the Federal Act applied. The court recognized that, if assumption of risk by the plaintiff was made out, it would bar recovery under the Act. *Seaboard Air Line Railway* v. *Horton*, 233 U. S. 492. The court charged the jury accordingly, and there was no exception by the defendant to the charge, or request on its part for any additional instructions,—the defendant contenting itself with its motion for dismissal or for a direction of a verdict in its favor. The case, then, is one in which there is no question as to the interpretation of any provision of the Federal Act or as to the definition of legal principle in its application, but simply involves an appreciation of all the facts and admissible inferences in the particular case for the purpose of determining whether there were matters for the consideration of the jury. The state courts, trial and appellate, held that there were. Having regard to the appropriate exercise of the jurisdiction of this court, we should not disturb the decision upon a question of this sort unless error is palpable. The present case is not of this exceptional character, and we confine ourselves to an announcement of our conclusion. *Seaboard Air Line Railway* v. *Padgett*, 236 U. S. 668, 673; *Seaboard Air Line Railway* v. *Koennecke*, 239 U. S. 352, 355.

*Judgment affirmed.*