## 9499

### LORICK v. SEABOARD AIR LINE RY.

#### (93 S. C. 332.)

1. APPEAL AND ERROR—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.—Though a proposition which might have been adjudicated on the first appeal was not then raised, a party is within his rights in making it for the first time in the second trial in the Circuit Court.

2. RAILROADS—DEFECTIVE CARS—REPAIRS ON THE SPOT.—Under Safety Appliance Act April 14, 1910, sec. 4, c. 160, 36 Stat. 299 (U. S. Comp. St. 1916, sec. 8621), repairs to defective couplers must be made on the spot, and it is unlawful to move the car.

Before SEASE, J., Lexington, November term, 1915. Affirmed.

Action by J. H. Lorick against the Seaboard Air Line Railway. Judgment for plaintiff, and defendant appeals.

*Messrs. Lyles & Lyles* and *C. M. Efird,* for appellant. *Mr. J. B. S. Lyles* cites: *As to plaintiff's own negligence was sole cause of injury:* 61 S. C. 468, 489; 59 S. C. 539; 66 Fed. 193; 6 C. C. A. 190. *No proximate causal connection:* 101 S. C. 563; 105 U. S. 449; 89 S. C. 23; 229 U. S. 265. *Assumption of risk:* 102 S. C. 504; 56 Fed. 973; 6 C. C. A. 190, 198, 199.

*Messrs. Frank G. Tompkins* and *Geo. Bell Timmerman,* for respondent, cite: 237 U. S. 399; 222 U. S. 19.

September 7, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is the second appeal in this case. The case is reported in 102 S. C. 276, 86 S. E. 675. At the trial of the case the first time a motion was made and granted by the Circuit Court on the ground the defendant had assumed the risk, an appeal was taken and the case reversed by this Court. On the second trial in the Circuit Court a motion was made for a directed verdict by the defendant on the ground that the plaintiff had assumed the risk, and that no other inference could be drawn from the evidence in the case, and that there was no evidence of negligence having a proximate causal connection with the plaintiff's injuries. The motion for a directed verdict was overruled, and the

FOOTNOTE.—The publication of this opinion was delayed pending its review on writ of error, which seems to have been issued before the act of Congress, September 6th, 1916, took effect, by the United States Supreme Court, which, on April 23d, 1917, affirmed this opinion in the following opinion, reported in 243 U. S. 572, 37 Sup. Ct. Rep. 440, delivered by Mr. Justice Brandeis:

The Federal Safety Appliance Acts (as supplemented by Act of April 14, 1910, chap. 160, 36 Stat. at L. 299, Comp. Stat. 1913, sec. 8621) prohibit a carrier engaged in interstate commerce from hauling a car with a defective coupler, if it can be repaired at the place where the defect is discovered. *United States* v. *Erie R. Co.,* 237 U. S. 402, 409, 59 L. Ed. 1019, 1023, 35 Sup. Ct. Rep. 621. The Seaboard Air Line Railway received such a car at one of its yards. Lorick, the local car inspector and repairer, who discovered the defect, undertook to make the repairs, as was in the line of his duty. To do so it was necessary to raise the coupler; and for this a jack was the appropriate appliance. None having been furnished him, he sat down under the coupler and raised it with his shoulder, which was thereby seriously strained. Occasion to make similar repairs had previously arisen at this yard at short intervals. Lorick had for this purpose repeatedly asked the chief car inspector for a jack; and a few weeks before the accident had been promised one. Lorick sued the company under the Federal Employers' Liability Act,

case submitted to the jury, and resulted in a verdict for the plaintiff for $1,500. After entry of judgment defendant appeals and complains of error on the part of his Honor in not directing a verdict in favor of the defendant upon the grounds made in the Circuit Court.

As to the ground that the plaintiff had assumed the risk: The evidence in the case now is practically identical in substance with that of the former appeal. If different at all, only in some slight respects, and not in substance. The Court decided then contrary to the contention of the defendant, and would not be warranted in now making a different decision on the point involved without stultifying itself or overruling its former decisions. It is difficult to understand why the appellant could conceive that the Court would recede from its former decisions on this point in the same case, or where the appellant gets the idea that this Court

in a State Court of South Carolina, and testified to the facts above stated.

The case was tried twice before a jury and was twice reviewed by the Supreme Court of South Carolina. At the first trial the Court directed a nonsuit on the ground that Lorick had assumed the risk. The Supreme Court set aside the nonsuit (102 S. C. 276, 86 S. E. 675), holding that, in view of the promise to supply a jack, the question of assumption of risk should have been left to the jury, citing *McGovern* v. *Philadelphia & R. R. Co.*, 235 U. S. 389, 59 L. Ed. 283, 35 Sup. Ct. Rep. 127, 8 N. C. C. A. 67. At the second trial defendant asked for a directed verdict on the grounds both that Lorick had assumed the risk and that there was no evidence of negligence on defendant's part. This request being refused, the case was submitted to the jury under instructions which were not objected to; and a verdict was rendered for plaintiff. Defendant's exceptions to the refusal to direct a verdict were overruled by the Supreme Court (108 S. C. —, 93 S. E. 332). The case comes here on writ of error where only these same alleged errors may be considered.

The appellate Court was unanimous in holding that the trial Court had properly left the case to the jury. No clear and palpable error is shown which would justify us in disturbing that ruling. *Great Northern R. Co.* v. *Knapp*, 240 U. S. 464, 466, 60 L. Ed. 745, 751, 36 Sup. Ct. Rep. 399; *Baltimore & O. R. Co.* v. *Whitacre*, 242 U. S. 169, 171, *ante*, 33, 37 Sup. Ct. Rep. 33. The judgment is affirmed.

MR. JUSTICE VAN DEVANTER and MR. JUSTICE MCREYNOLDS dissented.

wishes to overrule that decision.    This exception is overruled.

The other question in the case is based on the allegation that there was no evidence of negligence in the case on the part of the defendant that had a proximate causal connection with plaintiff's injuries.    This point was not made or adjudicated in the former appeal, although it could have been made then as well as now, as the evidence in this case is practically the same as in the first case, and the defendant overlooked or did not think of it then, and the defendant is within his rights in making it for the first time in the trial the second time in the Circuit Court.

The plaintiff alleged in his complaint that the defendant was negligent in failing to furnish the plaintiff with a jack for the purpose of raising defective couplers, which was the proper, safe and suitable way of doing the work, which he was doing at the time he was injured, although they had promised to do so and failed to do so, and that he was required to do the work without the aid of this safe and suitable instrumentality, and that in doing so he was injured.    The plaintiff supported this allegation by his own evidence and other witnesses introduced in his behalf.    This issue was disputed and controverted by witnesses, introduced by the defendant.    This made an issue of fact.    If the plaintiff's evidence was to be believed, the jury would find in his behalf; and, if they believed the defendant's witnesses, their finding would be different. There was ample evidence to go to the jury for them to determine whether the defendant had promised to furnish the jack and whether the defendant was negligent in failing to do so, and whether or not the plaintiff was coerced and induced to do the work without the aid of such suitable tools under the threat of the representative of the master to discharge him unless he did perform the work.    It was for the jury to determine whether the plaintiff was required by his superior to make the repairs on the spot.    It is the law

of the Federal statute that such repairs must be made on the spot, and cannot be hauled to the most available point unless "such movement is necessary to make such repairs and such repairs cannot be made except at such repair point." Section 4, Federal Safety Appliance Act of 1910. This section has been construed by United States Supreme Court in *United States v. Erie Railroad,* 237 U. S. 402, 35 Sup. Ct. 621, 59 L. Ed. 1019. The Court says:

"The hauling of the cars with defective equipment was clearly in contravention of the statute. While section 4 of the act of 1910 permits such cars to be hauled, without liability for the statutory penalty, from the place where the defects are discovered to the nearest available point for making repairs, it distinctly excludes from this permission all cars which can be repaired at the place where they are found to be defective, and also declares that nothing therein shall be construed to permit the hauling of defective cars 'by means of chains instead of drawbars' in association with other cars in commercial use, unless the defective cars 'contain live stock or perishable freight.' Six of the cars that were hauled while their equipment was defective could have been readily repaired at the place where the defects were discovered, which was before the hauling began. The remaining two were hauled by means of chains instead of drawbars in association with other cars in commercial use, and it is not claimed that they contained live stock or perishable freight."

We think that there was sufficient testimony to carry the case to the jury on the issues made by the pleadings and evidence in the case, and his Honor committed no error in refusing to direct a verdict for the defendant as asked for.

The exceptions are overruled. Judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and GAGE concur in the opinion of the Court.

MR. JUSTICE FRASER concurs under the authority of the judgment on the former appeal.