Harry J. FISCHLER and Mary S. Fischler, his wife, Harry Fischler, Jr., a minor, and Michael Fischler, a minor, by their parents and natural guardians, Harry J. Fischler and Mary S. Fischler, his wife; and Harry J. Fischler and Mary S. Fischler, his wife, in their own rights as parents and natural guardians of Harry Fischler, Jr., a minor, and Michael Fischler, a minor,

v.

Walter M. LOJESKI, Individually and Trading as the Walter Lojeski Farms.

Civ. A. No. 14658.

United States District Court
E. D. Pennsylvania.

July 26, 1956.

Pepper, Bodine, Frick, Scheets & Hamilton, Thomas E. Comber, Jr., Philadelphia, Pa., for plaintiffs.

Richter, Lord & Levy, Louis Samuel Fine, Philadelphia, Pa., for defendant.

REEVES, District Judge.

By his written motion for a new trial the defendant urges two grounds in support of his motion: (a) that "The charge of the Court was erroneous in that the Court quoted to the jury the amount claimed by plaintiffs." And (b) That "The court erred in sending out a portion of the Motor Vehicle Code to the Jury."

This motion was filed within ten days after judgment was entered and conforms to the provisions of Rule 59, Federal Rules of Civil Procedure, 28 U.S. C.A. This rule specifically requires that motions for new trial shall be filed within ten days after judgment. In the motion, however, the defendant reserved(?) the right to interpose "such other reasons as may be determined after an opportunity is afforded to go over the Notes of Testimony."

Even if permissible, the record does not show that a supplemental motion was filed. Diligent counsel, however, in a brief supplied in support of the motion for a new trial complains: (a) That "The Verdict was contrary to the Evidence," and (b) That "The Court should have permitted Defendant to Show That on the Basis of the Statement Given by Harry J. Fischler, Sr., His Insurance Carrier Paid Defendant and the Passengers in Defendant's Truck for the Damage They Sustained in the Accident."

1. Apparently it is the practice in the state courts of Pennsylvania to refrain from mentioning the amount of the claim made by the plaintiff in a case on trial. This of course is procedural or adjective law, and not substantive law, and therefore would not be preclusive or affect the procedure in the federal courts. Washington & G. R. Co. v. Hickey, 166 U.S. 521, loc. cit. 530, 17 S.Ct. 661, 41 L.Ed. 1101; Norfolk & Western Railway Co. v. Earnest, 229 U.S. 114, 33 S.Ct. 654, 57 L.Ed. 1096; Baugham v. New

York, Philadelphia & Norfolk Railroad Co., 241 U.S. 237, 36 S.Ct. 592, 60 L.Ed. 977; McDermott v. Severe, 202 U.S. 600, 26 S.Ct. 709, 50 L.Ed. 1162; Dowell, Inc., v. Jowers, 5 Cir., 182 F.2d 576.

■ The charge of the court was such as not to influence the jury in stating the amount claimed, and, moreover, the verdict of the jury was convincing that it was not influenced by the court's statement.

■ 2. The Motor Vehicle Code of Pennsylvania, 75 P.S. § 1 et seq. was called to the attention of the court, and one section was offered in evidence. During the deliberation of the jury this section was called for and was submitted to the jury in the nature of an exhibit. This was not improper.

■ 3. While the rules of practice would not justify the defendant in urging grounds for a new trial other than those incorporated in his motion, yet the court has examined the contention that "The Verdict was Contrary to the Evidence."

■■ There was evidence to support the jury's verdict. The testimony on behalf of plaintiffs was that the defendant was approaching the truck in which plaintiffs were riding on the wrong side of the highway. Moreover, the defendant's motor vehicle could have been stopped or slowed down, or its course could have been diverted so as to have avoided the collision. Some of the occupants of defendant's motor vehicle supported the claims of the plaintiffs. The collision occurred on October 5, 1952; it was natural that memories were dimmed by time, and there were apparent contradictions. It was the duty of the jury to reconcile the testimony and determine what the truth was. There was evidence to support its verdict.

■ 4. At the trial the defendant was given a wide latitude in the matter of proof. It did not seem proper, however, to show as a defense that an insurance carrier had paid damages to the defendant and the occupants of his motor vehicle.

Upon the record the court would not be justified in granting a new trial. It follows that the motion therefor should be overruled, and it will be so ordered.