**Judy LITTLE, Plaintiff,**

v.

**MAXAM, INC. and Progressive Service Company, Defendants.**

**No. RI-265.**

United States District Court,
S. D. Illinois, N. D.

March 25, 1970.

Peter M. Soble, Martin H. Katz, Rock Island, Ill., for plaintiff.

John V. Patton, Moline, Ill., Robert A. Van Vooren, Davenport, Iowa, for defendants.

## DECISION AND ORDER

ROBERT D. MORGAN, District Judge.

This cause is now before the court on motion of Progressive Service Company (hereinafter called Progressive) for summary judgment, asserting that there is no genuine issue as to any material fact and that this defendant is entitled to a judgment as a matter of law pursuant to Rule 56, Federal Rules of Civil Procedure.

The pleadings, depositions, affidavits and stipulations on file show that the following facts are not in dispute. Progressive has from time to time acted as a manufacturer's representative for the defendant, Maxam, Incorporated. On November 21, 1966, Progressive received a purchase order from Servus Rubber Company for one Maxam Belt-O-Matic machine at a price of $1650.00. Progressive issued its own purchase order to Maxam, which in turn sold the machine to Progressive at a fifteen per cent discount; but, pursuant to direction from Progressive, shipped the machine directly to Servus Rubber Company. Progressive never had any type of participation in the design, construction, selection, placement, use, or directions for use of the said machine. On March 22, 1967, the plaintiff herein, an employee of Servus Rubber Company, while working with the said machine, sustained an injury which is the basis of this suit.

Count I of the complaint alleges a cause of action for negligence on the part of both defendants. It is sufficient to state here that, while unlikely in view of the facts stated above, there may be genuine issues as to whether Progressive, by any negligent act or omission, violated some legal duty it had toward the plaintiff. The record simply is devoid of certainty and, in view of the absence of requirement in the Federal rules of pleading that negligence and duty be specified, summary judgment may not be granted. This is not to say that, on proof of these facts alone, verdict would not be directed for Progressive on Count I.

Count II, to which this motion is primarily addressed, alleges a cause of action against both defendants under the doctrine of strict liability for product. Progressive's position is that it is not liable under Illinois law because it neither exercised any control nor even had possession of the product at any time. This position is predicated on the belief that the Illinois Supreme Court has made "fault" and "physical control" necessary elements of a cause of action sounding in strict liability.

This court does not concur in the assumption that fault, in its traditional sense, is an element of strict liability under Illinois law. While not unmindful of the distinction between strict liability and absolute liability, this court is satisfied that the only "fault" necessary to such a cause of action is that promulgated in Suvada v. White Motor Company, 32 Ill.2d 612, 210 N.E.2d 182 (1965) where the Court stated (32 Ill.2d at 623, 210 N.E.2d at 188) that:

"The plaintiffs must prove that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control."

Progressive contends that Williams v. Brown Manufacturing Company (Illinois Supreme Court, May 1969) injected the concept of fault when the Court stated that strict liability "*is* liability without negligence, but it is *not* liability without

fault." No reliance may be placed on the *Williams* opinion, however, because the Illinois Supreme Court has granted a rehearing. Furthermore, a reading of the total *Williams* opinion in context inexorably leads to a conclusion consistent with the *Suvada* elements, as concerning the culpability necessary for liability.

■ Progressive also argues · that since it exercised no control over the product, it is not in the "chain of distribution" contemplated by *Suvada* and cases following; therefore, it is not liable for the injuries as a matter of law. If Progressive is outside of the scope of the strict liability doctrine announced in *Suvada*, it is clear that the allegations in the complaint are immaterial as to it and that its motion for summary judgment on Count II would be proper. Contradistinctively, if Progressive is in 'he chain of distribution referred to in *Suvada*, it is clear that summary judgment is improper because there are a number of genuine issues of material fact for trial, such as whether the product was unreasonably dangerous, whether the condition existed at the time it left the *manufacturer's control*, and whether the plaintiff exercised the proper degree of care for her own safety.

This court has found no authority which would sustain the position that one must exercise actual physicial control over a product to hold him in the chain of distribution for purposes of strict liability under the Illinois doctrine; and it would seem against common sense to say that a person who in fact causes a machine to be sold and who receives a substantial commission for its services is not at least a distributing arm of the manufacturer. Under such circumstances this court is satisfied that Illinois courts would hold such a middleman to be in the chain of distri-

bution, notwithstanding that he does nothing to affect the product itself and never has possession of it. The statements of public policy underlying the strict liability doctrine in Illinois seem clearly to support this position.

The first statement of this public policy is found in *Suvada, supra*, where the Illinois Supreme Court stated (32 Ill.2d at 619, 210 N.E.2d at 186) that:

" * * * public interest in human life and health, the invitations and solicitations to purchase the product and the justice of imposing the loss on the one creating the risk and reaping the profit are present * * *."

This public policy was extended in Dunham v. Vaughan & Bushnell Manufacturing Company, 42 Ill.2d 339, 247 N.E. 2d 401 (1969), when the Court stated (42 Ill.2d at 344, 247 N.E.2d at 404) that:

"The strict liability of a retailer arises from his integral role in the overall producing and marketing enterprise and affords an additional incentive to safety. * * *. That these considerations apply with equal compulsion to all elements in the distribution system is affirmed by our decision in Suvada v. White Motor Co., 32 Ill.2d 612, 617, 210 N.E.2d 182. See, Restatement (Second) (1965), Torts § 402A, comment F."

Progressive must be considered, for purposes of strict product liability, as a link in the chain of distribution and potentially liable as contemplated by Illinois law, and, because of one or more of the fact issues stated above, this determination precludes the granting of summary judgment with respect to Count II.

Accordingly, it is ordered that defendant's motion for summary judgment is denied.