ANNA MURCZEK, Plaintiff, *v.* POWERS LABEL COMPANY, Defendant—(POWERS LABEL COMPANY, Third-Party Plaintiff-Appellee, *v.* GEORGE A. NATZKE COMPANY *et al.*, Third-Party Defendants—(GEORGE A. NATZKE COMPANY, Third-Party Defendant-Appellant).)

(No. 60925;

First District (1st Division)—September 2, 1975.

*Rehearing denied September 30, 1975.*

940

Joseph Michael O'Callaghan, of Chicago, for appellant.

Kirkland & Ellis, of Chicago (Thomas G. Finn and Jack T. Riley, Jr., of counsel), for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

The George A. Natzke Company appeals from an order denying its petition for attorney's fees incurred in the defense of allegedly untruthful claims brought by the Powers Label Company in a third-party complaint. The petition for fees is based upon section 41 of the Civil Practice Act, which provides:

> "Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at trial." Ill. Rev. Stat. 1973, ch. 110, par. 41.

On May 23, 1969, Anna Murczek sustained injuries while using a punch press at the Duncan Traffic Equipment Company plant at 1716 West

Grand Avenue in Chicago. She filed an amended complaint against Havir Manufacturing Company, Searjeant Metal Incorporated, Powers Label Company, and the George A. Natzke Company. Havir manufactured the punch press machine; Searjeant Metal manufactured the dual activation switch which was installed onto the punch press; Powers maintained and serviced the punch press and dual activation switch for Duncan; and Natzke caused the punch press to be distributed from Havir's factory to the factory of Duncan. Anna Murczek alleged that the punch press left the hands of each defendant with a manufacturing and design defect which was unreasonably dangerous. The defective condition allegedly "allowed activation of the press at an unforeseen and inappropriate time," causing the injuries to Anna Murczek. The amended complaint was dismissed because the nature of the defect was not alleged with requisite specificity.

Anna Murczek filed a second amended complaint naming Powers Label Company as the only defendant. The complaint alleged that Powers owned, maintained, serviced, and controlled the punch press; that two buttons on the dual activation switch had to be pressed simultaneously to activate the punch press; that Powers negligently caused one of the buttons to be activated on a continual basis; and that Powers' negligence enabled the machine to be activated by only one button causing severe injuries to the plaintiff's hand.

Powers subsequently brought a third-party action against Searjeant Metal and Natzke by leave of court pursuant to section 25(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 25(2)). Powers' amended third-party complaint reiterated the allegations in Anna Murczek's second amended complaint and alleged in two separate counts that: (1) Anna Murczek's injuries were primarily caused by the active negligence of the third-party defendants in negligently manufacturing, designing, distributing and selling an unreasonably dangerous dual activation switch and punch press; and (2) the third-party defendants were strictly liable for Anna Murczek's injuries due to the defective and unreasonably dangerous condition of the punch press and dual activation switch.

Natzke filed a motion to dismiss Powers' third-party complaint on the ground that Powers' negligence was active rather than passive as a matter of law. Natzke also argued that the third-party complaint did not designate the alleged defective condition with specificity. The trial court denied Natzke's motion to dismiss finding that sufficient issues of fact had been raised to require a trial of the cause on the merits. Three months later, Anna Murczek's complaint, Powers' third-party complaint, and all cross-claims were dismissed pursuant to a settlement agreement which

included contributions from defendant Powers, and third-party defendants Havir, and Searjeant Metal. Third-party defendant Natzke did not contribute to the settlement.

Natzke then filed a petition for attorney's fees in the amount of $5468.75 pursuant to section 41 of the Civil Practice Act. Natzke alleged that Powers' third-party complaint and subsequent pleadings were untrue, made without reasonable cause, and in bad faith. Natzke claimed that it was impossible for the third-party complaint to be brought in good faith in light of information which Natzke discovered in the possession of Powers. Natzke attempted to demonstrate its claims with a memorandum of facts which contained certain witnesses' statements obtained through discovery. Powers asserted in answers to interrogatories and in answers to a notice to admit that a defective condition existed in "the entire activation system on the punch press, including but not limited to, the dual activation switch." Mr. Theodore Mieczynski, the vice-president of Powers who verified the pleadings, indicated in a deposition that he was informed by Edward Arzig, the chief engineer for Powers, that the aforementioned description of the defect was proper as an answer to Natzke's discovery questions. However, Natzke points to the deposition of Mr. Arzig which revealed that Arzig found no defects in the palm button controls themselves and that he never informed Mr. Mieczynski that the palm button control devices were defective. Furthermore, Powers was allegedly in the possession of a statement by Arthur Wunsch, an employee of Duncan, which indicated that the punch press operated properly after Anna Murczek's accident.

Powers did not file a written answer to the petition for fees nor to the memorandum of facts. The record indicates that Natzke elected to proceed with oral argument at a hearing on the petition without requesting the trial court to demand a written response from Powers. After reviewing the history of the litigation, the trial court denied the petition for fees. Natzke appeals from the order contending that: (1) the trial court's decision was an abuse of discretion, and (2) Powers admitted the petition and attached memorandum of facts by failing to file a written answer.

■■ At common law costs were never recoverable. Under the American rule, the prevailing litigant is ordinarily not entitled to an award for attorney's fees from the unsuccessful litigant absent statutory authorization. Courts of this state have adhered to the rule since the earliest time. (*Patterson v. Northern Trust Co.*, 286 Ill. 564, 122 N.E. 55; *House of Vision, Inc. v. Hiyane*, 42 Ill.2d 45, 245 N.E.2d 468.) The traditional rule remains unchanged in the federal judiciary, although Congress has created several exceptions in granting fees to the successful party. *Alyeska*

*Pipeline Service Co. v. Wilderness Society,* 241 U.S. 240, 44 L.Ed.2d 141, 95 S.Ct. 1612.

The American system with respect to attorney's fees has generally furthered the availability of the judiciary. Open access to the courts is necessary to insure constant judicial interpretation of disputed statutory construction. Moreover, the uncertainties inherent to most litigation indicate that many cases usually involve genuine issues of law or fact. If no genuine issues of law or fact are involved, a motion for judgment on the pleadings, a motion for summary judgment, and a motion to dismiss are the proper pleadings designed to terminate the litigation. However, parties to a controversy should not be compelled to submit their right to prosecute or defend an action to a dangerous gamble which might subject the loser to a heavy loss in opponent's attorney's fees. Furthermore, "the time, expense, and difficulties of proof inherent in litigating the question of what constitutes reasonable attorney's fees would pose substantial burdens for judicial administration." *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 18 L.Ed.2d 475, 478-79, 87 S.Ct. 1404, 1407.

■■■ In order to prevent abuse of the judicial process, the legislature enacted section 41 of the Civil Practice Act. The statute is penal in nature, and should therefore be invoked only in those cases falling strictly within its terms. (*Sarelas v. Alexander,* 132 Ill.App.2d 380, 270 N.E.2d 558.) The burden is on the petitioner to prove that the allegations against him: (1) were made without reasonable cause; (2) are not in good faith; and (3) are untrue. (*Horween v. Dubner,* 68 Ill.App.2d 309, 216 N.E.2d 288.) It is clear that a finding under the requirements of section 41 is an independent determination distinct from any previous judgment relating to a motion to dismiss or a motion for a directed verdict. (*Brokaw Hospital v. Circuit Court,* 52 Ill.2d 182, 287 N.E.2d 472; *Erickson v. Walsh,* 11 Ill.App.3d 99, 296 N.E.2d 36; *Adams v. Silfen,* 342 Ill.App. 415, 96 N.E.2d 628.) Allowance of attorney's fees under section 41 is discretionary. *Thomas v. Thomas,* 23 Ill.App.3d 936, 321 N.E.2d 159; *Greengard v. Cooper,* 78 Ill.App.2d 86, 221 N.E.2d 775.

Powers explained to the trial court the basis of its amended third-party complaint in a memorandum opposing Natzke's motion to dismiss and in oral argument opposing Natzke's petition for fees. The original plaintiff, Anna Murczek, stated in a deposition that the punch press suddenly and unexpectedly cycled at a time when no part of her body was touching the free activation button. The statements found in Anna Murczek's deposition constituted sufficient grounds for Powers' third-party action. The purpose of third-party practice is to "permit the determination of the rights and liabilities of all parties before a single tribunal and upon

the same evidence." (*Miller v. DeWitt*, 37 Ill.2d 273, 287, 226 N.E.2d 630, 639-40.) Given Anna Murczek's deposition testimony, a juror could have found that the proximate cause of her injury was an inherent product defect. Therefore, the deposition raised the possibility of recovery against the parties in the chain of distribution of the punch press and the dual activation system. Powers only had to demonstrate that the third-party defendants *may* have been liable to it for Anna Murczek's claims in order to validly initiate a third-party complaint. (*Blaszak v. Union Tank Car Co.*, 37 Ill.App.2d 12, 184 N.E.2d 808; Ill. Rev. Stat. 1973, ch. 110, par. 25(2).) Moreover, the allegations in Powers' third party complaint did not have to depend on the allegations found in the complaint of the original plaintiff, Anna Murczek. *Trzos v. Berman Leasing Co.*, 86 Ill.App.2d 176, 229 N.E.2d 787.

■■ Although Natzke was the distributor, claiming to have never exercised physical control over the punch press or the activation system, the company is considered a part of the chain of distribution and therefore potentially liable under the Illinois law of strict liability (*Little v. Maxam, Inc.*, 310 F.Supp. 875, (S.D. Ill. 1970); *Suvada v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182.) As a matter of law, Natzke, along with Havir and Searjeant Metal, was subject to a third-party action by Powers based upon the statements contained in Ann Murczek's deposition. To hold otherwise would frustrate the clear purpose of third-party practice. We find that Powers' third-party complaint was made with reasonable cause and in good faith. Natzke has given us no reason to believe that the trial court abused its discretion under section 41. See *Scott v. Goldblatt Bros., Inc.*, 130 Ill.App.2d 1013, 266 N.E.2d 154.

Natzke's contention that Powers admitted the petition for fees and the factual allegations made in an attached memorandum is without merit. The record indicates that Natzke did not request the trial court to demand a written response from Powers. Since Natzke proceeded to litigate the case at the hearing as though Powers had filed a written response, Natzke is deemed to have waived his point. *First Federal Savings & Loan Association v. American National Bank & Trust Co.*, 100 Ill. App.2d 460, 241 N.E.2d 615.

Therefore, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and SIMON, JJ., concur.