GARY D. HARRIS *et al.*, Plaintiffs-Appellants, *v.* CYNTHIA LEE MORRIS *et al.*, Defendants-Appellees.

Second District (1st Division)   No. 75-417

Opinion filed July 20, 1976.

Ivan J. Schell and James E. Beckley, both of Roan & Grossman, of Chicago, for appellants.

Fred Louis, of Chicago, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The sole question presented in this case is whether the trial court improperly awarded attorney's fees and costs under the provisions of section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41) of $500 to the defendant, Richard M. Morris. Section 41 provides as follows:

"Untrue statements

Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

In its order, the trial court made an express written finding pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)).

On November 7, 1974, Gary D. Harris and Sylvia S. Harris (hereinafter petitioners), the natural mother of Cynthia Lee Morris and Richard M. Morris II, filed their petition to adopt the two minors. Service upon the

defendant, Richard M. Morris, the natural father of the two minors, was had by publication and a copy of the summons was mailed to him at his address in Iowa on December 17, 1974, by the Clerk of the Circuit Court of Du Page County. On January 8, 1975, the defendant contacted his attorneys who in turn contacted the attorneys for the petitioners. The attorneys for the petitioners called defendant's counsel and advised them that the matter had been set for default on January 14, 1975. One of the attorneys for the defendant requested a continuance and the attorneys for the petitioners refused to agree to same. On January 14 the respective attorneys appeared in the circuit court of Du Page County and the trial judge entered an order giving the defendant until February 12, 1975, to answer. On the same date defendant's attorneys filed a petition for attorney's fees from petitioners for failure of the petitioners' attorneys to accede to a continuance, stating "that the aforesaid actions of the attorneys for the Petitioner constitute undue harrassment and are taken in bad faith and without good cause therefor." It is to be noted there is no allegation in the petition for attorney's fees that any of the allegations in the petition for adoption were in bad faith, untrue or without reasonable cause as required by section 41 of the Civil Practice Act. Rather, the petition for fees merely stated that the actions of the attorneys in refusing to agree to a continuance constituted bad faith. On February 11, 1975, the order to answer was continued to February 21, 1975. The defendant did not plead and on March 18, 1975, the attorneys for the petitioners filed a motion for a default for failure of the defendant to plead to the petition for adoption. On March 18, 1975, attorney Fred Louis, who was one of the attorneys in the original petition for attorney's fees, filed a petition, which was subsequently granted, requesting that he alone be substituted as attorney for the defendant. On this date Fred Louis then filed a motion to strike the adoption petition, praying that the court dismiss the petition for adoption and award defendant $500 as attorney's fees and court costs. In this motion it was alleged that:

> "Petitioners have alleged material facts that are untrue and are known to Petitioners to be untrue, thereby deceiving and misleading the Court as to the facts herein, the true facts being set forth in Exhibits A through G, true and correct copies of which are attached hereto, and included herein, which are signed by the Respondent and which demonstrate the inaccuracy of Petitioners allegations."

On that date the matter was set for hearing on April 8, 1975. On April 17, 1975, the petitioners filed an amended petition for adoption and the matter was continued for hearing to June 11. On May 29, by agreement, the matter was continued to June 20 and, finally, on June 9, 1975, the attorney for the defendant filed his answer to the amended petition. On

June 20, 1975, the trial court heard attorney Louis' petition for attorney's fees and costs. At this hearing the attorney for the defendant stated that he had requested a continuance to which petitioner's attorney had refused to accede; that the court granted the continuance; and that:

"There is no rationale in the pleadings to explain petitioners' action and justifying the refusal to grant this continuance. It was not a matter of misunderstanding, but rather was calculated, I take it, to inflict economic punishment upon my client."

He further urged the court to assess costs because he charged the defendant for his appearance in court to obtain the continuance. The attorney for the defendant also stated, "under Rule 41 the only stated reason that the costs and expenses may be recovered * * * is if there are allegations of an untrue nature, which appear in the pleadings * * * ." At that time the attorney for the defendant commented upon paragraph 9(a) of the petitioners' original petition for adoption which stated:

"(a) RICHARD M. MORRIS has never exercised nor attempted to exercise his right to visit the children or to have custody of the children during summer vacations pursuant to the decree of divorce dated July 7, 1967."

Mr. Louis pointed out that, in fact, the children were with his client during the month of July 1969 as well as on other occasions prior to that time, as evidenced by the defendant's statement. In his brief the attorney for the defendant further comments upon paragraph 9(b) of the original petition, which reads as follows:

"(b) RICHARD M. MORRIS has defaulted in his obligation to pay $50.00 per month per child pursuant to the decree of divorce dated July 7, 1967. The cumulative sum of such unpaid obligation now exceeds $5,000.00."

In his brief defendant's attorney refers us to the revision of this allegation found in the amended petition, wherein it is asserted that since the divorce defendant has made a total of $400 in support payments.

The amended petition for adoption, in pertinent part, reads as follows:

"(e) SYLVIA S. (MORRIS) HARRIS obtained a decree of divorce and support on July 7, 1967, and following the divorce RICHARD M. MORRIS exercised his right under the decree of divorce to have custody of the children for one month during the summers through the summer of 1969. This fact is admitted by Defendant's Exhibit A-1, but denied in Defendant's Affidavit of Verification.

(f) Since the divorce on July 7, 1967, RICHARD M. MORRIS has made a total of $400.00 in support payments (even though he is obligated to pay $1,200.00 per year for the support of CYNTHIA LEE MORRIS and RICHARD M. MORRIS II), defaulting on the remainder. Defendant alleges his failure to make support

payments resulted from Petitioner's failure to notify him of various new addresses (Defendant's Verification), even though he knew where to send birthday and Christmas cards to the children each year (Defendant's Exhibits A-1 and A-2)."

The contention of the defendant is that the two statements above set forth in the original petition for adoption were untrue as pleaded and that the petitioners knew that they were untrue. Defendant argues that the exhibit on file and the amended petition for adoption which revised the allegations of the original petition, as noted above, support his petition for fees.

In its order granting defendant's motion for fees, the trial court stated, in pertinent part, as follows:

"IT IS HEREBY ORDERED:

1. That Respondents [defendant's] motion pursuant to Section 41 of the Civil Practice Act of Illinois for attorneys fees and costs in the amount of $500 is supported by the evidence in the record * * * ."

It appears, however, from an examination of the course of events which precipitated this appeal and the entire record, that the award of fees was based not upon proof of untrue pleadings made in bad faith, but rather upon the refusal of petitioners' attorneys to agree to a continuance. At the conclusion of the hearing on defendant's petition for fees, the trial court stated:

"Custom and usage in the practice when one attorney calls another and says: I am just getting into the case, that courtesy is extended to him.

Therefore, you are entitled to your Section 41 fees and costs."

Turning first to the contention that the defendant had not exercised his visitation privileges with the children in question after the divorce herein, we find that the parties were divorced in 1967 and that apparently the defendant did, in fact, see the children upon occasions prior to the summer of 1969 and it is admitted that during the summer of 1969 the children of the parties spent a month with the defendant.

At the hearing on the petition for fees, petitioners' attorney stated that when the original petition for adoption was filed the information available was that the children were delivered to defendant's parents, rather than to defendant himself. Thus, petitioners did not know until defendant's pleadings were filed whether defendant had exercised his rights. There is no evidence whatsoever that at any time since 1969 until the time of the filing of the petition to adopt in December 1974, a period of 5½ years, that the defendant did in fact not exercise his right to see, or see the children of the parties.

The question thus presented to us is whether the statement in the

original petition for adoption regarding visitation and custody was an allegation "made without reasonable cause and not in good faith, and * * * untrue" so as to warrant an award of attorney's fees and costs, pursuant to section 41 of the Civil Practice Act. We do not believe that it was. There is nothing in the record to suggest that the statement was made without reasonable cause or in bad faith. In fact, the contrary appears to be the case. Further, to hold otherwise would frustrate the judicial process in that a litigant would be subjected to costs and attorneys fees for an incorrect statement which appears to this court to be a relatively minor misstatement. The defendant did in fact have his children for a month in the summer of 1969 but the fact remains that he did not see the children or exercise his visitation rights from 1969 to 1975. Defendant's attorney contends that the statement in question bears upon his unfitness. We fail to see how, having seen the children prior to 1969 and having had them in his custody for a month in 1969, has any bearing upon the fact that he has not seen or had the custody for visitation for the 5½-year period after that date, up to and including the date of the filing of the petition for adoption. In any event, in the absence of proof that the allegation was made without reasonable cause and in bad faith, the award of fees based upon this statement pursuant to section 41 was error.

■■ The purpose of section 41—to prevent the abuse of judicial process—was well stated in *Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 335 N.E.2d 172. The court there stated:

> "The statute is penal in nature, and should therefore be invoked only in those cases falling strictly within its terms. [Citation.]" (31 Ill. App. 3d 939, 943, 335 N.E.2d 172, 176.)

The court also commented:

> "The American system with respect to attorney's fees has generally furthered the availability of the judiciary. Open access to the courts is necessary to insure constant judicial interpretation of disputed statutory construction. Moreover, the uncertainties inherent to most litigation indicate that many cases usually involve genuine issues of law or fact. If no genuine issues of law or fact are involved, a motion for judgment on the pleadings, a motion for summary judgment, and a motion to dismiss are the proper pleadings designed to terminate the litigation. However, parties to a controversy should not be compelled to submit their right to prosecute or defend an action to a dangerous gamble which might subject the loser to a heavy loss in opponent's attorney's fees. Furthermore, 'the time, expense, and difficulties of proof inherent in litigating the question of what constitutes reasonable attorney's fees would pose substantial burdens for judicial administration.' *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714,

718, 18 L. Ed. 2d 475, 478-79, 87 S. Ct. 1404, 1407." 31 Ill. App. 3d 939, 943, 335 N.E.2d 172, 175-76.

The order of the court, *supra,* in assessing attorney's fees and costs made no finding that the statements were made without reasonable cause, that they were not made in good faith or that they were untrue.

■■ In *Grandys v. Spring Soft Water Conditioning Co.* (1968), 101 Ill. App. 2d 225, 228, 242 N.E.2d 454, 456, we stated that:

"Section 41 is a remedial statute, one of its purposes being to prevent litigants from being subject to harassment by the bringing of actions against them, which by their nature are vexatious, based upon false statements, or brought without legal foundation. [Citation.] Allowance of attorneys' fees under the statute is discretionary, but the trial court can only exercise such discretion when the record discloses evidence of bad faith on the part of the pleader. [Citations.]"

We turn then to the second contention of the defendant that the original petition stated, in paragraph 9(b) thereof, that the cumulative sum due for child support "now exceeds $5,000.00." The amended petition, as indicated above, states that the defendant had made a total payment of $400 since July 7, 1967, for the support of these two children and that he had been ordered to pay $1,200 a year. Simple arithmetic would indicate that from the time of the filing of the divorce herein until the date of the filing of the petition for adoption the defendant was $10,100 in arrears for support of the children, less the $400 payment, making a total arrearage of $9,700. We fail to see how this constitutes an untrue statement, *i.e.,* where the original complaint states that he is in arrears in excess of $5,000 when, as a matter of fact, it appears that he is in arrears in a sum of almost $10,000. This may not be an exact statement in the original complaint, but it certainly is not untrue.

Defendant has cited the case of *Ready v. Ready* (1961), 33 Ill. App. 2d 145, 178 N.E.2d 650. In that case the trial court assessed costs and attorney's fees against the plaintiff whose complaint revealed on its face that it was insufficient at law. That is not the situation in the case before us. The petition here was for adoption. The petition for adoption was not an action which was in its nature vexatious based upon false statements or brought without any legal foundations. As pointed out in *Ready,* one of the purposes of section 41 is to prevent litigants from being subjected to harrassment by such actions. The action here is simply to adopt the children. If any of the statements complained of are incorrect, they do not amount to the bringing of an improper lawsuit.

■■ We are not unmindful of the numerous cases which hold that the action of the trial court in imposing costs under section 41 of the Civil Practice Act is discretionary and will not be disturbed in the absence of

abuse thereof. In the case before us we find that the imposition of costs and attorney's fees in the sum of $500 is an abuse of discretion on the part of the trial court. The order of the trial court to that effect is therefore reversed.

In view of our decision herein, the other issues raised are not pertinent.

Judgment reversed.

SEIDENFELD and HALLETT, JJ., concur.