ACCURATE COMMUNICATIONS, INC., d/b/a B. & J. Communications, Inc., Plaintiff, v. TRANSCONTINENTAL FREIGHT SYSTEMS, INC., Defendant and Third–Party Plaintiff-Appellant (Illinois Bell Telephone Company, Third–Party Defendant-Appellee).

First District (5th Division)   No. 1—88—2765

Opinion filed September 29, 1989.

COCCIA, J., dissenting.

B. John Mix, Jr., of Chicago, for appellant.

L. Bow Pritchett and Patrick J. Kilroy, Jr., both of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

This is an action brought by plaintiff, Accurate Communications Systems, Inc., to recover monies due and owing from Transcontinental Freight Systems, defendant, for the installation of a telephone system at Transcontinental Freight Systems' place of business. Transcontinental Freight Systems filed a third-party complaint against Illinois Bell Telephone (Illinois Bell), in which Transcontinental Freight Systems sought indemnification from any money judgment found due to Accurate Communications Systems and damages for misrepresentation by Illinois Bell. Illinois Bell filed a motion to dismiss Transcontinental Freight Systems' third-party complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). Allowing Transcontinental Freight Systems to bring a separate lawsuit against Illinois Bell, the trial court dismissed Transcontinental Freight Systems' third-party complaint for failure to meet the joinder requirements of section 2—406(b) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b)), which provides that "[w]ithin the time for filing his or her answer ***, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her."

Transcontinental Freight Systems appeals. The sole issue presented for review is whether the trial court erred in dismissing Transcontinental Freight Systems' third-party complaint. The facts are as follows.

Defendant and third-party plaintiff, Transcontinental Freight Systems, entered into a contract with plaintiff, Accurate Communications, Inc., for the purchase and installation of a telephone system at Transcontinental Freight Systems' place of business. The new telephone system was installed, but did not function properly. Illinois Bell

admitted that the system would not function properly because of its incompatibility with the telephone system located in its central office.

Transcontinental Freight System made partial payment on the installation of the telephone system in advance, but refused to pay the $3,425.43 balance due under the agreement. Accurate Communications, Inc., then filed suit on the contract alleging that it had not been paid even though it installed the telephones and related wiring in a workmanlike manner and that Transcontinental Freight Systems did not pay for subsequent additional work and repairs for water damage after installation.

Denying Accurate Communications, Inc.'s allegations, Transcontinental Freight Systems then filed a third-party complaint against Illinois Bell seeking indemnity and damages. Illinois Bell filed a motion to dismiss pursuant to section 2—615 of the Illinois Code of Civil Procedure. In its motion, Illinois Bell argued that Transcontinental Freight Systems' third-party complaint failed to set forth or plead facts sufficient to support a cause of action. The trial court held that the cause of action was not properly brought as a third-party action pursuant to section 2—406 of the Illinois Code of Civil Procedure and dismissed the third-party complaint.

■ Section 2—406(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—406(a)) provides:

"If a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in."

Regarding the joinder of parties by a defendant, section 2—406(b) provides:

"Within the time for filing his or her answer, or thereafter by leave of court, *a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of plaintiff's claim against him or her.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 2—406(b).

■ The purpose of a third-party action is to permit the determination of the rights and liabilities of all parties upon the same evidence before a single tribunal. (*Bio-Scientific Clinical Laboratory, Inc. v. Todd* (1986), 149 Ill. App. 3d 845, 501 N.E.2d 192; *Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 943-44, 335 N.E.2d 172.) In the notes following section 2—406 (Ill. Ann. Stat., ch. 110, par. 2—406, Historical and Practice Notes, at 415 (Smith-Hurd 1983)), it is stated that the general purpose of this section is to "avoid two actions which should be tried together to save the time and cost of

reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant."

■ In the case at bar, a complete determination of the controversies would be better achieved by the presentation by all parties of all of the facts of the installation of the new telephone system. Otherwise, Transcontinental Freight Systems would be required to defend against Accurate Communications' contention that the installation was properly done in one suit, and in a second suit, Transcontinental Freight Systems would be required to prove that installation was proper and that the fault for the failure to the telephone system rested upon Illinois Bell. Clearly, having all the parties together in one suit could resolve all the questions involved in the installation of the telephone system that did not function. Therefore, we conclude that on the facts of this case, Transcontinental Freight Systems' third-party complaint constituted a proper third-party action.

For the reasons stated, the order of the trial court dismissing Transcontinental Freight Systems' third-party complaint is reversed and the cause is remanded to the trial court on the issues presented by all three litigants, Accurate Communications, Inc., Transcontinental Freight Systems, Inc., and Illinois Bell Telephone Co.

Reversed and remanded.

LORENZ, J., concurs.

JUSTICE COCCIA, dissenting:
I adopt the factual recitation set out by the majority.

In my view, the issues in this case have been dealt with and resolved in our earlier case of *Ketcham v. Consolidated Rail Corp.* (1986), 146 Ill. App. 3d 196, 496 N.E.2d 1104, and it is controlling upon us now. The facts in *Ketcham* revealed that a freight train derailment occurred in Porter, Indiana. One of the derailed gondola cars, operated by Conrail, had been loaded and secured with rolls of steel cylinders by Republic. Two Conrail employees, plaintiff Howard Ketcham and Harvey Chandonia, were injured as a result of the derailment. Conrail sustained damages to its train and other equipment.

Conrail filed an amended three-count, third-party complaint against Republic. Count I sought from Republic indemnification for any damages Conrail might be obligated to pay Ketcham. Count II sought damages to Conrail's property. Count III sought indemnifica-

tion for $5,000, which Conrail paid Chandonia in settlement of his claim against it filed in a separate FELA action. Republic then filed a motion to dismiss counts II and III of Conrail's amended third-party complaint, asserting that those counts seeking recovery for Conrail's property damage and indemnification for Chandonia's settlement were independent claims and, therefore, improperly brought as third-party claims under section 2—406(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—406(b)). During the pendency of Republic's motion to dismiss Conrail's amended third-party complaint, Conrail and Republic settled Ketcham's claim. Accordingly, count I of Conrail's amended third-party complaint, seeking indemnification from Republic for any damages it might be obligated to pay Ketcham, was voluntarily dismissed. Thereafter the trial court dismissed counts II and III of Conrail's amended third-party complaint, based on its determination that section 2—406(b) of the Code did not permit the filing of claims for Conrail's property damages and indemnification for monies Conrail paid in settlement of Chandonia's claim. Conrail then filed a motion for reconsideration of this dismissal order. The circuit court denied the motion and the appeal followed.

We held on appeal:

> "Only those claims which a third-party defendant is or may be liable to the original defendant for all or part of the plaintiff's claims against him are proper under third-party proceedings ***." *Ketcham*, 146 Ill. App. 3d at 201, 496 N.E.2d at 1107.

We relied upon the reasoning of *Filipponio v. Bailitz* (1978), 73 Ill. App. 3d 389, 392, 392 N.E.2d 23, 26, reiterated in *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1984), 129 Ill. App. 3d 1011, 473 N.E.2d 421, *aff'd* (1986), 112 Ill. 2d 378, 493 N.E.2d 1022:

> "Although third-party practice is properly used to reduce litigation where the third-party claim arises out of the same basic facts which determine the plaintiff's claim against the defendant, it can not [*sic*] be used to maintain an entirely separate and independent claim against a third-party, even if it arises out of the same general set of facts as the main claim." *Ketcham*, 146 Ill. App. 3d at 201-02, 496 N.E.2d at 1108.

In *Ketcham*, Conrail sought recovery for its own losses—its property damage and money paid to Chandonia. Clearly, we concluded, Republic's liability to Conrail for these claims was not dependent upon the outcome of Conrail's liability to Ketcham. *Ketcham*, 146 Ill. App. 3d at 202, 496 N.E.2d at 1108.

It is my view that the claim for damages against Illinois Bell Telephone Company in the instant case is a separate, independent claim of

704

the defendant and third-party plaintiff, Transcontinental Freight Systems, Inc., seeking recovery against Bell for its own damages. Consequently, the facts alleged in defendant's third-party complaint do not set forth a sufficient basis upon which to sustain a third-party action, and the trial court properly dismissed it.

Accordingly, I would affirm the trial court's ruling that Transcontinental Freight's claim was not properly brought as a third-party action pursuant to section 2—406(b) of the Illinois Code of Civil Procedure.