Sam Geraci, Appellee, v. Manuel Sultan, Appellant.

Gen. No. 35,532.

296

Heard in the third division of this court for the first district at the October term, 1931. Opinion filed November 16, 1932.

MENEELY & IRRMANN, for appellant.

STANLEY A. WILCZYNSKI and SIMON T. SUTTON, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal from a judgment in trover entered against the defendant Manuel Sultan by the city court of Chicago Heights on the 13th day of June, 1931, for the sum of $2,223.67.

This action is one in replevin. The declaration of the plaintiff contained a count in trover. The defendants were the Citizens National Bank of Chicago Heights, Manuel Sultan, Arthur Jensen, surviving partner of the firm of Warren and Jensen and Ethel Warren and Florence Warren, only heirs at law and next of kin of Charles A. Warren, deceased. The defendants filed their several pleas, and thereafter,

upon motion of Harry E. Folk, administrator *de bonis non* of the estate of William Severin, deceased, Folk was made an additional party defendant, and filed pleas.

The action was submitted to the court for trial, without a jury, and the court dismissed this action as to the defendant Citizens National Bank of Chicago Heights, Arthur Jensen and Harry E. Folk, administrator *de bonis non,* of the estate of William Severin, and entered a finding assessing damages against Ethel Warren and Florence Warren in the sum of one cent, they to pay one-half of the costs of suit, and a judgment against Manuel Sultan for $2,223.67, and one-half the costs.

The facts in this case are, substantially, that on July 6, 1928, Sam Geraci, the plaintiff, lent Cesare Rufo the sum of $5,000 and took from him as security six notes and a trust deed upon certain property therein described; that the transaction took place in the office of Charles A. Warren, who was acting as the agent for Sam Geraci; that the trust deed and six notes for $1,000 each were drawn by Charles A. Warren. Geraci was unable to lend $6,000, as originally contemplated, but when the loan was consummated, Rufo asked for one note of $1,000, but Warren stated that it would be necessary to redraft the papers and for that reason he would hold one of the notes and place a memorandum on the same. At the consummation of the loan, the plaintiff delivered the notes and trust deed to Warren with instructions to keep them with Geraci's other papers. Warren retained the papers, and thereafter he and Sultan, one of the defendants, without the knowledge or consent of the plaintiff, on July 31, 1930, executed and deposited a collateral note with the Citizens National Bank of Chicago Heights pledging as collateral security the four notes, Nos. 3, 4, 5 and 6 and the trust deed owned

by Geraci, and the net amount of the loan, after discount; namely, $1,970, was placed to the credit of Manuel Sultan in this bank. The collateral note was renewed several times until paid by the plaintiff, Geraci, after the institution of this suit. Charles A. Warren received no part of the loan proceeds in this bank, and died before the suit was instituted.

It also appears from the evidence in the case that Manuel Sultan was the township collector, and Charles A. Warren in his lifetime acted as his auditor. On June 26, 1930, Warren came to Sultan and stated that he wanted $1,500 for a business deal, and that he would return the money to Sultan within a few days; that Sultan made this loan and subsequently received a judgment note signed by Warren for the amount of $1,500. Sometime after the making of this loan, Sultan insisted that Warren pay him, and it appears in evidence that Warren said that he would negotiate a loan at the bank and give Sultan his money, and that thereafter the loan was made, as hereinabove set forth.

One of the points raised by the defendant, Manuel Sultan, is that it is necessary for the plaintiff to show that the notes and trust deed in question were in the possession of Sultan, the defendant, and that the proof is also upon the plaintiff to prove some wrongful act on the part of this defendant in the conversion of the notes and trust deed owned by the plaintiff. One of the pleas of defendant Sultan is, in part, that Charles A. Warren and Manuel Sultan are the holders and owners of the notes and trust deed; that they delivered the notes and trust deed as collateral to a loan made by the Citizens National Bank of Chicago Heights, for $2,000, to be used in the payment of a loan made by Sultan to Warren. This pleading, which is a part of the record, clearly indicates that the position of Sultan is that he not only claims possession, but also the ownership of the chattels in question.

The general rule applicable to the facts appearing in this record is that where the possession of chattels is wrongfully and tortiously obtained as against the plaintiff, the plaintiff owner can sustain an action in replevin without the necessity of a demand, even though the defendant acted in good faith.

The facts clearly establish that the plaintiff was the owner of the notes in question; that Charles A. Warren was the agent of the plaintiff and was in possession of the notes and trust deed only for the purpose of safe-keeping, and that Sultan obtained the money, which was to be applied in payment of the loan made by him to Warren, by the deposit with the bank of the plaintiff's notes as collateral. These being the facts, the taking of the notes and trust deed was wrongful and tortious, and the question of good faith is not involved in this case. Warren did not have title to the chattels which were deposited as collateral, and Sultan, by the execution of the collateral notes and the deposit of this collateral, joined with Warren in the conversion of plaintiff's property. This court, in the case of *Schwamb Lumber Co. v. Schaar*, 94 Ill. App. 544, has passed upon facts which are analogous to those in the instant case. The court said:

"The evidence in the case tends strongly to show that the appellees came into possession of the lumber in question wrongfully; that they purchased the lumber in question, with other property, from one Andrew J. Olson, in consideration of the cancellation by appellees of certain indebtedness from Olson to them, and other considerations; that, Olson, at the time, had no title whatever to the lumber, it having been delivered to him by the plaintiff to be dried in his kiln. This being true, appellees took no title by their purchase from Olson, and their possession of the lumber was wrongful and tortious as to plaintiff. In order to sustain replevin when the possession of the defendant is

wrongful, a previous demand of possession is unnecessary. *Clark v. Lewis,* 35 Ill. 418–23; *Stock Yards Co. v. Mallory,* 157 Ill. 563; Fifth Am. & Eng. Ency. Law, 528 I. (1st Ed.); *Galvin v. Bacon,* 11 Me. 28 (2 Fairfield Rep.); Wells on Repl., sec. 365; *Butters v. Haughwout,* 42 Ill. 18–24; *Bruner v. Dyball,* 42 Ill. 36; *Hardy v. Keeler,* 56 Ill. 152; *Tuttle v. Robinson,* 78 Ill. 332–4; *Oswald v. Hutchinson,* 26 Ill. App. 273; *Trudo v. Anderson,* 10 Mich. 357–67; *Rosum v. Hodges,* 9 L. R. A. (S. Dak.) 817–9.

"In Wells on Replevin, *supra,* the author recognizes a conflict in the decision as to when a demand is necessary before replevin can be maintained by the true owner of goods, stating a line of cases in which it has been held that 'where the defendant acquired possession by purchase from one apparently the owner, such possession was so far rightful that the real owner must make demand before bringing suit,' and another line of cases holding 'that where one purchased property from one who had no right to sell, it was a conversion, and the owner could sustain replevin without demand, the good faith of the buyer being no defense.' The rule in the latter line of cases seems to prevail in this State, and we think is supported by the weight of authority, the better reason and the later decisions."

It is to be noted that the defendant Sultan was not a purchaser for value and did not receive the notes in the usual course of business, but obtained the money for the payment of the Warren loan by using the property of the plaintiff without his consent or knowledge, which act was a wrongful conversion.

The other question which merits consideration is, Did the court admit improper evidence upon the hearing? Trial was had before the court without a jury, and the presumption is that the court, in rendering judgment, considered only competent evidence in the record.

The Appellate Court had this to say in the case of *Niagara Ins. Co. v. Bishop,* 49 Ill. App. 388, upon a somewhat similar question:

"We attach but little importance to the contention that the court admitted improper evidence for the plaintiff and excluded proper evidence offered by the defendant. The case was tried by the court, who, as is usually the case, received matters offered in proof more freely than he would have done had the case been tried by a jury; but it does not appear that the defendant was prejudiced thereby."

However, we have examined the evidence objected to by the defendant, which relates largely to the possession of the plaintiff's notes by Warren as his agent, and are of the opinion that this defendant was not prejudiced by such evidence.

The plaintiff in this case contends that Warren was his agent in possession of the notes, and the burden was upon him to establish such agency, whether by written agreement, or verbally. There was no error in permitting the plaintiff to make the required proof, and it was not essential that the agency of Warren be created in the presence of Sultan, the defendant. *Rice & Bullen Malting Co. v. International Bank,* 185 Ill. 422.

From an examination of the record it appears that separate judgments were entered by the court as to the defendants Ethel Warren, Florence Warren, and Manuel Sultan. No question was raised by the defendant, Sultan, as to the propriety of such judgments, and so we have considered only the questions which were called to our attention by Sultan in his brief.

There is no error in the record that we consider reversible, and the judgment is accordingly affirmed.

*Judgment affirmed.*

WILSON, P. J., and HALL, J., concur.