(No. 25841.—

CHARLES H. ALBERS, Receiver, *et al.* Appellees, *vs.* IDELLA ZIMMERMAN *et al.*—(ALVIN STAKER, Appellant.)

*Opinion filed April 10, 1941.*

ROBERT D. MORGAN, for appellant.

GREENEBAUM & BURNS, A. H. FELLHEIMER, F. A. ORTMAN, RALPH DEMPSEY, TUESBURG & ARMSTRONG, and GEORGE B. CRAVEN, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Charles H. Albers, receiver of the Farmers State Bank of Flanagan, R. B. Meils and J. J. Meils, Jr., co-partners, doing business as Meils Garage Company, J. H. Linneman, Jr., and Floyd H. Goff, receiver of the Livingston County National Bank, judgment creditors of Idella Zimmerman, filed this suit to set aside and to have declared void as to them two deeds to separate parcels of land in Tazewell county. One of the deeds, made by Idella Zim-

merman and her husband on September 28, 1936, conveyed to her brother, Alvin Staker, her undivided one-fifth interest in 120 acres she inherited in 1922 from her deceased mother. The other deed, made January 7, 1931, by her father, Aaron Staker, conveyed an 80-acre tract owned by him to two of his five living children Alvin and Lucille Staker, later Mrs. Garrison.

One of the judgments was entered June 21 and the others in December of 1937. Aaron Staker died June 17, 1937. The complaint was filed July 22, 1938. Idella Zimmerman, her father-in-law, Joel L. Zimmerman, his wife Lena, their daughter Edna, and the grantees in the deeds, filed answers. The decree confirming a master's report, dismissed the complaint as to the 120-acre tract for want of equity; set aside the deed to the 80-acre tract, ordered that the estate of Aaron Staker should be administered, and that the share of Idella Zimmerman in the 80-acre tract, after being subjected to a payment of $99 to her brother Alvin, should be subjected to the liens of appellee's judgments. Alvin Staker has appealed from that portion of the decree setting aside the deed to the 80-acre tract. Appellees have prosecuted a cross-appeal from the dismissal of the complaint as to the 120-acre tract. They also claim the deed to the 80-acre tract was not delivered, which presents the question of whether the two grantees or the grantor's five children have title. This involves a freehold. *Reisch* v. *Bowie,* 367 Ill. 126; *Banning* v. *Patterson,* 363 id. 464; *Ashton* v. *Macqueen,* 361 id. 132.

In 1936, Idella Zimmerman and Ezra, her husband, were heavily indebted. Joel Zimmerman, her father-in-law, as surety, paid their note for $3500 to the Farmers State Bank of Flanagan, and had loaned them additional sums. On September 28, 1936, after a judgment not here involved had been rendered against her, Idella Zimerman, in order to avoid similar trouble with other creditors and to pay a part of her indebtedness to Joel Zimmerman, with

her husband, conveyed her interest in the 120-acre tract to her brother Alvin who recorded the deed the next day. He was without funds and executed a note for $2000, payable to Joel and Lena Zimmerman or the survivor of them. Joel Zimerman's daughter, Edna Zimmerman, testified she had handled her father's business since prior to September 11, 1936, when he suffered the second of two paralytic strokes; that she kept his account book according to instructions he had originally given her, and was familiar with and had managed all his financial transactions. The deed and note were made at the office of attorney Harry D. Morgan who drew the papers. He put the note in an envelope marked "Deliver to Joel or Lena Zimmerman or their order." Morgan testified the note was made to both payees on account of a doubt whether Joel would live, and it was left with him because one of the grantors said there was considerable confusion at the house and everybody was worried about the father's condition, and he was directed to hold it until Edna would call for it. No conditions were attached to the delivery. Edna testified that, soon afterward, the makers told her about the note and where it was, and she saw it in Morgan's office in 1937. Morgan was representing her father and her as his agent, in legal matters, and she left the note with him as her attorney. Although she did not enter credit for it on her father's book of accounts until in August, 1938, the amount due on another note which she took from Idella and Ezra Zimmerman on January 4, 1938, was computed by deducting the amount of Alvin Staker's note from their previous debt. She later received the $2000-Staker note from Morgan, through her brother Ezra whom she sent for it, and presented it at the trial.

Appellees claim the agency of Edna Zimmerman was not established; that there was no consideration for the deed to the 120-acre tract and it was in fraud of them as creditors; or, that if the deed is valid, the note is invalid

for non-delivery; or, that if the note is valid, it is the property of Idella Zimmerman and subject to the payment of their judgments. The well-established law is that a debtor may prefer one creditor when he acts without fraud, even though he transfers all his property to the preferred creditor. A debtor may prefer one creditor although he knowingly hinders and delays his other creditors in the collection of their claims, provided the conveyance is made in good faith to discharge the preferred claim. (*Hurt* v. *Ohlman,* 349 Ill. 163; *Behrens* v. *Steidley,* 198 id. 303; *Nelson & Co.* v. *Leiter,* 190 id. 414.) A valuable consideration and an absolute conveyance without retention or secret control in the grantor are *indicia* of good faith. (*Third Nat. Bank* v. *Norris,* 331 Ill. 230.) Fraud will not be presumed, but must be established by convincing proof. (*Byerly* v. *Byerly,* 363 Ill. 517.) Mere suspicion arising out of the fact that the parties are related will not create a presumption of bad faith. (*Hurt* v. *Ohlman, supra; Earl* v. *Earl,* 186 Ill. 370.) The existence of an agency relation may be proved by the testimony of the agent concerning the facts and circumstances which constitute his authority. (*Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Gage,* 286 Ill. 213; *Thayer* v. *Meeker,* 86 id. 470.) The uncontroverted testimony establishes that Idella Zimmerman was indebted to her father-in-law, Joel Zimmerman, and that her deed, supported by adequate consideration, was immediately recorded. She was not shown to have any interest or secret control of any nature in the note or the premises conveyed by her. Edna Zimmerman's agency for her father, the unconditional delivery of the Staker note to her father's and her attorney, his subsequent delivery of it to her, and the crediting of the $2000 to Idella Zimmerman's account were established by uncontradicted evidence. These facts are sufficient to constitute delivery. (*Shaw* v. *Camp,* 160 Ill. 425; *Gordon* v. *Adams,* 127 id. 223; 10 C. J. S. (Bills and Notes) 514.)

In the light of the foregoing authorities, the conveyance of the undivided interest in the 120-acre tract constituted a *bona fide* preference to one of her creditors and the chancellor properly dismissed the complaint as to this tract.

As to the deed by Aaron Staker conveying the 80-acre tract to Alvin and Lucille, the only issue raised by the pleadings was whether it was void for non-delivery. The chancellor found that it was properly delivered, and appellees, in their brief, expressly concede this is correct. Both parties have argued the questions of whether the deed was invalid and should be set aside for other reasons. However, it will be observed this is a suit by judgment creditors of Idella Zimmerman to set aside a deed to which she was not a party and concerning land in which, at the time of the conveyance, she had no property interest. Under the Statute of Frauds (Ill. Rev. Stat. 1939, chap. 59, par. 4) creditors of a stranger to the conveyance have no right to bring a proceeding to have it set aside. (*Clayton* v. *Clayton*, 250 Ill. 433.) See, also, *Yost Manf. Co.* v. *Alton*, 168 Ill. 564, and *Springer* v. *Bigford*, 160 id. 495. For these reasons, the chancellor erred in setting aside the deed to the 80-acre tract.

In view of this holding all the other questions that are discussed in the brief and which were embraced in the decree become immaterial and need not be passed upon.

Inasmuch as there was no ground for setting aside either of the deeds, the chancellor erred in assessing against the defendants that portion of the costs paid by them. That portion of the decree which dismisses the amended complaint as to the 120-acre tract is affirmed. In all other respects the decree is reversed and the cause is remanded, with directions to dismiss the amended complaint and the suit for want of equity.

*Reversed in part, and remanded, with directions.*