(No. 35443.—■

Don E. Digman, Appellee, *vs.* Julia Johnson, Appellant.

*Opinion filed January 22, 1960.*

EDWARD P. WHELAN, and REDMOND J. LYONS, both of Chicago, (WILLIAM A. CUNNEA, of counsel,) for appellant.

EDWIN R. FARRAR, of Wheaton, (J. GLENN SHEHEE, and JOHN M. BERENT, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Julia Johnson, appeals from a decree of

the circuit court of Du Page County ordering specific performance of a contract for the sale of certain real estate to the plaintiff, Don E. Digman.

The testimony shows that about April 5, 1957, one Florence McLean, who then owned the property, made a telephone call to Henry E. Schulze, a real-estate broker, requesting him to prepare a contract of sale for cash. She advised him that she was going into the hospital that evening and would be unable to wait until the contract was prepared; that she had some blank forms of contract which she would sign and leave for him to pick up; and that he could carry on the transaction from there. Accordingly, the broker went to Mrs. McLean's home where her sister, the defendant herein, delivered to him the forms of contract signed in blank. He then had the terms inserted in accordance with his discussion with Mrs. McLean, obtained the signature of the plaintiff thereon, and mailed the completed contract to Mrs. McLean at her home. Several weeks later, after a preliminary report on title had been obtained, the broker went to Mrs. McLean's residence to close the deal. He was denied admission, and was also unsuccessful in attempts by telephone to arrange a date for signing the deed. On August 15 Mrs. McLean created a joint tenancy in the property between herself and her sister, the defendant. On August 28 she died, and title became vested in defendant.

Defendant's first contention is that the court erred in refusing to exclude the testimony of the plaintiff and the real-estate agent, on the ground that such testimony was incompetent under section 2 of the Evidence Act. (Ill. Rev. Stat. 1957, chap. 51, par. 2.) Insofar as it is relevant the statute provides that "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends  *  *  *  as

the executor, administrator, heir, legatee or devisee of any deceased person, * * *." It is clear in this case that the defendant acquired her title through the deed of August 15, 1957, and is not defending as an heir, legatee or devisee. She defends as a grantee, and in such situations the statute does not apply. (*Wurth* v. *Hosmann,* 410 Ill. 567.) Neither the plaintiff nor the real-estate broker was precluded from testifying.

It is also urged that the agency was not sufficiently proved because the only evidence to show the broker's authority was his own testimony. In support of this contention the rule is invoked that an agency cannot be established by mere statements of the agent made out of the presence of the principal. The rule has no application here, where the authority is found in statements made by Mrs. McLean, the principal. The fact that such statements were proved by testimony of the broker is not objectionable. It is well established that the existence of an agency relation may be proved by the testimony of the agent concerning the circumstances which constitute his authority. *Fredrich* v. *Wolf,* 383 Ill. 638; *Albers* v. *Zimmerman,* 376 Ill. 306.

Defendant argues further that the contract was not sufficiently proved because Mrs. McLean was seriously ill when the plaintiff signed it and because she did not later ratify it; that there was no meeting of the minds; and that the broker's testimony was "indecisive" in certain respects. We have examined these as well as other assertions made but not argued, and find them to be without merit. The record discloses no semblance of defense on the merits, other than defendant's testimony tending to show Mrs. McLean was subsequently dissatisfied, and it is not contended that undue advantage was taken, that the price was unfair, or that the contract was not knowingly and understandingly made.

The circuit court was correct in ordering specific performance, and the decree is therefore affirmed.

*Decree affirmed.*