MEDICAL MODALITIES ASSOCIATES, INC., Plaintiff-Appellant, *v.* HENRY B. QUICK, Defendant-Appellee.

First District (3rd Division)   No. 77-719

Opinion filed October 25, 1978.

Maurice L. Davis, of Hoffman & Davis, of Chicago, for appellant.

Gerald W. Shea and Ira Rogal, both of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Medical Modalities Associates, Inc. (Medical Modalities), a Delaware corporation, appeals from an order of the Circuit Court of

Cook County which allowed the defendant, Henry B. Quick, to recover attorney's fees and expenses under sections 41 and 57(5) of the Civil Practice Act. The text of these sections provides:

"§41. Untrue statements. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, *actually incurred by the other party by reason of the untrue pleadings,* together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal.

* * *

§57(5). Affidavits made in bad faith. If it appears to the satisfaction of the court at any time that any affidavit presented pursuant to this Section is presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing it to pay to the other party the amount of the reasonable expenses *which the filing of the affidavit caused him to incur,* including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 110, pars. 41, 57(5).

On July 22, 1976, Medical Modalities filed a complaint in the Circuit Court of Cook County seeking to recover $19,500 from the defendant. The money was alleged to have been unlawfully withdrawn by the defendant from the plaintiff corporation in order to pay his salary during the period between October 16, 1975, and May 11, 1976, when he served as treasurer of Medical Modalities. In framing the claim against the defendant, Medical Modalities stated that at a meeting of its board of directors held May 11, 1976, Quick had been removed from office as president and treasurer. The defendant responded *pro se,* filing his appearance and answer on August 30, 1976. He denied the legality of the May 11 board meeting and his removal from corporate offices. While Quick admitted that he received $19,500 from the plaintiff, he denied that the payment was unlawful.

Medical Modalities filed its reply to the defendant's answer on September 20, 1976, at which time it also moved for summary judgment. The motion for summary judgment was supported by the affidavits of Roberta L. Jones and Virginia Loos. The affidavit of Loos, a director and secretary of the plaintiff, attests to the legality of the May 11 board meeting and the removal of Quick from office. Corporate documents were also appended to the motion in order to demonstrate the allegations concerning unlawful withdrawal of the $19,500 and the removal of the defendant from his offices. On October 4, 1976, the defendant responded *pro se,* filing his affidavit in opposition to the motion for summary

judgment. This affidavit again denied the legality of the May 11 board meeting and his removal as president and treasurer. On October 6, 1976, the date set for the hearing of the plaintiff's motion for summary judgment, the court permitted Medical Modalities to file a motion to strike portions of Quick's affidavit in opposition. The hearing was then continued until October 25, 1976, in order to allow the defendant time to engage counsel.

The record indicates that the defendant first contacted the law offices of Gerald W. Shea on October 14, 1976. After Shea and his associate, Ira Rogal, reviewed the court file, drafted a response to the plaintiff's motion to strike, and prepared an appearance and motion for continuance, Shea entered his appearance on behalf of Quick on October 25, 1976. The hearing on the motion for summary judgment was continued to November 29, 1976. On October 26, 1976, Shea's office received notice that Medical Modalities was going to move for dismissal of the law suit pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 52). The motion to dismiss and a tender of the defendant's costs were filed with the court on October 28, 1976. On the defendant's motion, the hearing on the motion to dismiss was continued until November 3, 1976, when payment of costs was made, at which time it was again continued on the defendant's motion until November 29, 1976. On November 30, 1976, the cause was dismissed and the defendant was given leave to file his motion for attorney's fees and expenses pursuant to sections 41 and 57(5) of the Civil Practice Act.

The motion for attorney's fees and expenses alleges that those portions of the complaint and the affidavit of Virginia Loos which claimed that Quick had been removed from the offices of president and treasurer of Medical Modalities, at the May 11, 1976, meeting of the board of directors, and which suggested the legality of the meeting, are untrue and made without probable cause and in bad faith. The corporate stock register of Medical Modalities indicated that Quick was the sole shareholder of the plaintiff corporation for the period October 16, 1975, to May 7, 1976, at which time the defendant's shares were surrendered and the shares were reissued to Nathan Gordon. The defendant's motion further alleged that a special shareholder's meeting was held on May 7 at which time Gordon acted as sole shareholder and sought to elect John J. Kasper, Myles E. Jacobs and Nathan Gordon to the board of directors of Medical Modalities. The by-laws of Medical Modalities give the authority to fix the record date to determine shareholders entitled to vote at any meeting of shareholders. No record date was ever set. The defendant referred to section 213(b)(1) of the General Corporation Law of the State of Delaware, which reads as follows:

"(b) If no record date is fixed (1) The record date for determining

stockholders entitled to notice of or to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given, or, if the notice is waived, at the close of business on the day next preceding the day on which the meeting is held." (Del. Code Ann. 1975, tit. 8, par. 213(b)(1).)

This section was advanced for the proposition that the May 11th board meeting was illegal because the shares of Medical Modalities were improperly utilized on May 7 to elect new directors who participated in the May 11 meeting. Quick claimed that he was entitled to vote these shares on May 7. The plaintiff's response to the motion for fees and expenses relied on other sections of Delaware's corporation statute, namely, section 213(b)(2) which states:

"(b) If no record date is fixed * * * (2) The record date for determining stockholders entitled to express consent to corporate action in writing without a meeting, when no prior action by the board of directors is necessary, shall be the day on which the first written consent is expressed" (Del. Code Ann. 1975, tit. 8, par. 213(b)(2)).

and section 228(a) which states:

"(a) Unless otherwise provided in the certificate of incorporation, any action required by this chapter to be taken at any annual or special meeting of stockholders of a corporation, or any action which may be taken at any annual or special meeting of such stockholders, may be taken without a meeting, without prior notice and without a vote, if a consent in writing setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted." (Del. Code Ann. 1975, tit. 8, par. 228(a).)

The pleadings show that on May 7 Nathan Gordon signed his approval of and consent to the writing captioned "meeting of stockholders" dated May 7, 1976.

A hearing on the sections 41 and 57(5) motion was held on February 7, 1977. The trial court considered the papers on file and heard arguments of counsel; no testimony was taken. The motion for fees and expenses was allowed and the court set March 7, 1977, as the date for a hearing as to the amount to be awarded. On March 7 the court entered judgment in the defendant's favor for the sum of $5,075.25, which included compensation for all hours expended by Shea and Rogal from the date they were retained to the date of the award, and reimbursement for expenses.

The plaintiff has asserted a number of grounds for the reversal of the

Circuit Court's award of attorney's fees and expenses. However, it is only necessary to consider whether the allegations in the plaintiff's pleadings were made without reasonable cause and found to be untrue, and whether the affidavit in support of the motion for summary judgment was made in bad faith.

■■ Absent statutory authorization, a litigant is ordinarily not entitled to an award for attorney's fees and expenses; conversely, where such authorization exists, as by sections 41 and 57(5), the purpose is penal in nature and should be invoked only in cases that fall strictly within the terms of the authorization. (See *Murczek v. Powers Label Co.* (1975), 31 Ill. App. 3d 939, 335 N.E.2d 172.) Section 41 permits the recovery of fees and expenses "actually incurred by the other party by reason of the untrue pleadings." Similarly, section 57(5) allows recovery of fees and expenses "which the filing of the affidavit caused [the litigant] to incur." Only fees and expenses generated by allegations made without reasonable cause and found to be untrue or by affidavits made in bad faith, come within the scope of either of these sections.

■■ Despite the delay requested by the defendant, in the court's ruling on the motion to dismiss, the right to a voluntary dismissal without prejudice was absolute upon the filing of the motion and tender of costs; moreover, the court was without discretion to deny the motion. (See *Gilbert-Hodgman, Inc. v. Chicago Thoroughbred Enterprises, Inc.* (1974), 17 Ill. App. 3d 460, 308 N.E.2d 164.) Consequently, litigation was effectively terminated on October 28, 1976.

■■ The circuit court permitted the defendant to recover attorney's fees and expenses for all of the work performed on his behalf by Shea and Rogal. The defendant had the burden to establish that the complained-of statements were made without reasonable cause and found to be untrue (section 41) and that the affidavit of Loos was made in bad faith (section 57(5)). The record shows that the plaintiff and the defendant based their arguments on different sections of the Delaware corporation statute. The fact that the plaintiff exercised its judgment in determining which sections of the Delaware statute were applicable in this situation does not prove that it made the allegations without reasonable cause or that the affidavit was made in bad faith. Therefore, the circuit court erred in awarding relief pursuant to section 41 and 57(5).

For the above reasons, the judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

JIGANTI, P. J., and SIMON, J., concur.