THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* MERTON REALTY *et al.*, Defendants.—(NATIONAL CHRISTIAN ASSOCIATION *et al.*, Defendants-Appellants.)

First District (5th Division)    No. 80-1914

Opinion filed August 7, 1981.

Alvin W. DeJong, of Chicago (DeJong, Poltrock & Giampietro, of counsel), for appellants.

Stanley Garber, of Chicago (Earl L. Neal and Kathleen Ransford, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff brought this eminent domain proceeding to acquire certain real estate owned by defendants, National Christian Association (NCA) and the Board of Evangelism of Chicago Classis North (Board of Evangelism), pursuant to the Urban Renewal Consolidation Act of 1961 (Ill. Rev. Stat. 1977, ch. 67½, par. 91.101 *et seq.*). Judgment was entered on a jury's verdict awarding NCA $35,000 and Board of Evangelism $29,600 as just compensation for the property taken. On appeal, defendants contend (1) the trial court erred in (a) denying their motion *in limine*, (b) restricting cross-examination of one of plaintiff's witnesses, and (c) denying an offer of proof; and (2) plaintiff did not meet its burden of proof.

The property of NCA was parcel 29-9 located at 850 West Madison, and that of the Board of Evangelism was parcel 29-10 located at 848 West Madison.[1] Parcel 29-9, improved by a three-story building with a basement, contains numerous sleeping cubicles, a lounge, and other open areas. The building on parcel 29-10 contains two stories and a basement, and both buildings are connected at the second-story level. There is a

---

[1] Parcels 29-6 and 29-12, owned by other defendants, were also included in the petition to condemn, but the proceedings below and the present appeal relate only to parcels 29-9 and 29-10.

large room on the first floor of the building on parcel 29-10 referred to as a chapel, which contains a raised platform, lectern, and movable chairs. The second floor of this building, together with the second and third floors of the adjacent building, are used for mission purposes.

Prior to trial, defendants made a motion *in limine* seeking "an order of court declaring the premises [parcel 29-10] as a special use." At a hearing on this motion, Alvin DeJong, defendants' attorney, described the subject premises and testified that it was used for mission purposes. Fred Tadrowski, a civil engineer, testified for plaintiff that the building located on the subject property was constructed originally for commercial or industrial use; and that, in his opinion, a wall on the first floor, creating a vestibule, and stained glass windows were modifications of the original structure. Additionally, photographs of both parcels were admitted into evidence by stipulation. The court denied the motion, finding that "the nature and characterization of the real estate and improvements are not of such a unique nature as to render the fair cash market value standard unjust."

At trial, William McCann (broker and member of the American Institute of Real Estate Appraisers) and Howard Zimmerman (broker and a member of the American Institute of Property Management) testified for plaintiff, in pertinent part, that the highest and best use of the subject properties was their current use as a church and rescue mission. McCann stated that the fair cash market value of the subject tracts as of the filing date of the petition to condemn was $21,000 for parcel 29-10 and $24,000 for parcel 29-9, and Zimmerman stated those values to be $23,000 and $26,000 respectively.

William Kritt (a real estate broker) testified for the defense that the highest and best use of the subject properties was commercial or light industrial, and that market value at the filing date of the petition was $77,000 for parcel 29-9 and $58,000 for parcel 29-10.

Opinion

Defendants initially contend that the court improperly denied their motion *in limine* to declare parcel 29-10 as special use property. We disagree.

■■ Concerning the special use exception to valuation of condemned property, our supreme court in *People ex rel. Director of Finance v. YWCA* (1979), 74 Ill. 2d 561, 569-70, 387 N.E.2d 305, 309-10, stated:

> "In the usual case, fair market value is a legally sufficient measure of compensation. This has been recognized by both the legislature and the courts. Our condemnation statute provides:
>
> 'Except as to property designated as possessing a special

use, the fair cash market value of property in a proceeding in eminent domain shall be the amount of money which a purchaser, willing but not obligated to buy the property, would pay to an owner willing but not obligated to sell in a voluntary sale, which such amount of money shall be determined and ascertained as of the date of filing the petition to condemn. * * *' (Ill. Rev. Stat. 1975, ch. 47, par. 9.7.)

Few Illinois cases have found condemned properties to be of a special use and it has been said that such a finding is proper 'only when property has special capabilities which make it unmarketable at its true value due to unique improvements * * *." [Citations.]"

In the instant case, the evidence presented at the hearing on the motion *in limine* lends no support to the argument that the property had special capabilities which made it unmarketable at its true value due to unique improvements. To the contrary, the testimony of the civil engineer established that the building located on the subject tract was constructed originally for commercial or industrial use; and that the only modifications to the structure consisted of a wall on the first floor, creating a vestibule, and stained glass windows. Moreover, photographs of the premises indicate that the building was usable for commercial purposes. Thus, our consideration of the evidence presented leads us to the conclusion that the subject property is not of special use and that the trial court properly found that the improvements to the property were not of such a unique nature as to render the fair cash market value standard unjust.

Defendants next assert error in the refusal to permit cross-examination for purposes of impeachment of plaintiff's expert witness, William McCann, as to his appraisal of nearby property of the Bible Rescue Mission (Mission), located at 961 West Madison. Initially, we note that an examination of this witness outside the presence of the jury for the purposes of establishing the comparability of the properties was permitted, at which he testified that the Mission building was specifically built, designed, and constructed for its current use as a church and mission, whereas the subject premises, although used for similar purposes, were not constructed for use in that capacity; that the subject premises could be more easily converted to commercial use than the Mission building; that while the Mission structure and the subject buildings were all of masonry construction, the former additionally had substantial quantities of reinforced concrete and was better constructed; that the Mission building was 15-20 years old, and the subject buildings are 70-80 years old; and that the construction of the Mission building was "totally

superior" in every respect to that of the subject premises. On the basis of this examination, the trial court refused defendants' request to cross-examine McCann as to his prior appraisal of the Mission.

■■ In condemnation proceedings, the scope of cross-examination of expert witnesses rests within the sound discretion of the trial court. (*City of Chicago v. Avenue State Bank* (1972), 4 Ill. App. 3d 235, 281 N.E.2d 66.) Thus, the court's determination as to the extent to which counsel may examine such a witness will not be reversed on review in the absence of an abuse of that discretion. *Cf. Shaughnessy v. Holt* (1908), 236 Ill. 485, 86 N.E. 256.

Although other courts have held that an expert witness in a condemnation action may be cross-examined with respect to a prior appraisal made of similar property in the vicinity of the subject property (*e.g.*, *Babinec v. State* (Alas. 1978), 586 P.2d 966; *State ex rel. State Public Works Board v. Stevenson* (1970), 5 Cal. App. 3d 60, 84 Cal. Rptr. 742; *14.098 Acres of Land v. Board of Education* (Del. 1970), 265 A.2d 36; *City of Garland v. Stevener* (Tex. Civ. App. 1970), 462 S.W.2d 67; see also 27 Am. Jur. 2d *Eminent Domain* §425 (1966)), it appears that such an examination is permitted only if a foundation has been laid for comparison of the different tracts appraised (*State ex rel. Symms v. Cole Fire Protection District* (1969), 92 Ida. 810, 451 P.2d 1011; *Commonwealth v. Evans* (Ky. 1962), 361 S.W.2d 766; *Mayor & City Council of Baltimore v. Smulyan* (1979), 41 Md. App. 202, 397 A.2d 198; *City of Renton v. Scott Pacific Terminal, Inc.* (1973), 9 Wash. App. 364, 512 P.2d 1137; 5 Nichols, Eminent Domain §18.45[2], at 18—312 (3d Ed. 1980)). Moreover, as stated in *Board of County Commissioners v. H. A. Nottingham & Sons, Inc.* (1975), 36 Colo. App. 265, 267-68, 540 P.2d 1126, 1128:

> "Sufficient foundation for cross-examination of an expert as to appraisals of other property which he has made in the area is laid where it is shown that (1) the appraisal is of a piece of property he has determined to be comparable or involves similar property in the neighborhood of the condemned property, and (2) the appraisal is not too remote in time."

■■ In the instant case, the *voir dire* examination of McCann supports the trial court's conclusion that the Mission property was not sufficiently comparable to the subject properties. Specifically, the testimony established that the buildings located on the realty were different in the use for which they were constructed, in the ease of conversion to commercial use, in age, and in the quality of construction. We conclude that a sufficient foundation for cross-examination as to a prior appraisal of the Mission property was not established and, accordingly, we find that the court did not abuse its discretion in restricting the cross-examination of the witness. *Cf. City of Evanston v. Piotrowicz* (1960), 20 Ill. 2d 512, 170 N.E.2d 569.

Error is also asserted by defendants in the denial of their offer to prove the value of other nearby property through introduction of a city ordinance which approved its sale to a private purchaser. The record, however, reflects no such offer of proof. As this court may take cognizance of and decide only those issues supported by the record before it on review (*In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 376 N.E.2d 259), we will not further consider this argument.

Finally, defendants make the following argument:

"Plaintiff failed in its burden of proof in that: a) at the hearing prior to trial on the motion to establish the property as a 'special use' by defendants, plaintiff[']s witness testified that the property should be evaluated based on a market value of commercial property; b) during the trial and before the jury plaintiff's witnesses testified that their appraisals were based upon the current use as a church mission and further testified that there was no market value for church missions. Such inconsistency has deprived defendants of just compensation."

We see no such inconsistency. Concerning (a), we note that the witness referred to (Fred Tadrowski) gave testimony only at the hearing on the motion *in limine* to determine whether the property (parcel 29-10) should be designated as having a special use. He testified as to the improvements on the building which was originally constructed for commercial or industrial use. He gave no testimony, however, as to an appropriate basis for evaluation and specifically did not state, as defendants suggest, "that the property should be evaluated based on a market value of commercial property." Concerning (b), we note that both of plaintiff's expert witnesses testified that the highest and best use of the property was their current use as a mission, and that their appraisals were based on this use. Neither, however, stated (as defendants indicated) that no market value existed for that use.

■■ The measure of compensation to be awarded is the market value for the highest and best use of the property unless there is a determination that it has a special use. (*Illinois Light & Power Co. v. Bedard* (1931), 343 Ill. 618, 175 N.E. 851; *Forest Preserve District v. Hahn* (1930), 341 Ill. 599, 173 N.E. 763.) As concluded above, the subject properties were determined not to have a special use, and plaintiff's experts gave appraisals on the basis of their highest and best use as $21,000 and $23,000 for parcel 29-9, and $24,000 and $26,000 for parcel 29-10.

In view of the foregoing, the judgment of the trial court is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.