REGINA SZYMKOWSKI, Plaintiff and Counterdefendant-Appellant, *v.* ANTON SZYMKOWSKI *et al.*, Defendants and Counterplaintiffs-Appellees.

First District (3rd Division)    No. 80-3069

Opinion filed February 24, 1982.

Terry P. Eland, Ltd., of Glendale Heights, for appellant.

Kirsh & Berman, Ltd., of Chicago, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Regina Szymkowski brought an action for partition. Subsequently defendants Anton Szymkowski, John and Lola Szymkowski, and Harriet and Frank Spychala filed a counterclaim to enforce an oral settlement agreement in which they were to pay plaintiff $10,000 in return for a quitclaim deed to certain property. The trial court entered judgment ordering specific performance by plaintiff of the settlement agreement. The court subsequently ordered plaintiff to pay fees and costs under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41). Plaintiff appeals. (Subsequent to the settlement agreement, Anton Szymkowski died. Since the filing of this appeal, plaintiff died and the court granted leave to the administrator of her estate to proceed with the appeal.)

In April 1978 plaintiff filed the partition action. On the date set for trial, August 1, 1979, after plaintiff took the stand, the trial court, Judge Joseph Wosik, asked if the matter could be settled. Negotiations ensued and later that day the trial court entered an order reciting that the parties having reached a settlement, the cause was continued to September 21 for a "Status of Settlement Check." Thereafter, alleging that plaintiff refused to perform according to the settlement terms announced to the court on August 1, defendants filed their counterclaim seeking specific performance. Defendants attached two letters to the counterclaim. One letter written on August 2 by plaintiff's then counsel, Thomas Casey, confirmed the terms of the settlement reached in court on the preceding day. The other letter written on September 12 by defendants' counsel, stated that defendants were ready to tender the settlement money to plaintiff. The claim also contained a prayer for attorney fees and costs premised on plaintiff's "refusal to perform."

Plaintiff's motion to dismiss the counterclaim stated that she had not agreed to settle and invoked the Statute of Frauds. The matter was transferred from Judge Wosik to the present trial judge, who conducted an evidentiary hearing on August 6, 1980. Defense counsel testified that he and Casey reached an agreement in open court to settle the matter and that he discussed the settlement with Casey in plaintiff's presence. During that discussion, Casey said that plaintiff would accept the sum and she at no time voiced any objection. When Judge Wosik in open court questioned the attorneys, they advised him of the terms of the settlement. Plaintiff was present and again she did not object.

Plaintiff testified that she was not present during either of these conversations. She stated that she told Casey she would not accept the proffered sum of $10,000. Plaintiff's granddaughter, Mary Lou Parsons, corroborated plaintiff's testimony. On August 6, 1980, the trial court found that plaintiff had entered into a settlement whereby she agreed to

quitclaim any interest she had in the real estate in question to defendants for $10,000.

On September 30, 1980, defendants filed a petition for fees and costs pursuant to section 41 of the Civil Practice Act. The parties filed memoranda of law and the court ordered plaintiff to pay $2,590 in section 41 costs.

■■■ Plaintiff initially maintains that there was insufficient evidence adduced that she agreed through her attorney to the settlement. The existence of an agency relationship and its nature and extent may be shown by circumstantial evidence with reference to the surrounding circumstances and acts of the parties. (*Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542, 373 N.E.2d 550.) While an attorney's authority to settle must be expressly conferred, the existence of the attorney of record's authority to settle in open court is presumed unless rebutted by affirmative evidence that authority is lacking. (*Bradford Exchange v. Trein's Exchange* (7th Cir. 1979), 600 F.2d 99; *United States v. Kenner* (7th Cir. 1972), 455 F.2d 1; *cf. Danziger v. Pittsfield Shoe Co.* (1903), 204 Ill. 145, 68 N.E. 534.) Moreover, where a party silently stands by and permits her attorney to act in her behalf in dealing with another in a situation where the attorney may be presumed to have authority, the party is estopped from denying the agent's apparent authority as to third persons. See *Kalman v. Bertacchi.*

The record fully supports the trial court's finding that plaintiff, through her attorney, consummated a binding settlement on August 1, 1979. Defendants' counsel testified that plaintiff was present and heard all the terms of the settlement, and Judge Wosik's order supported that testimony. Despite plaintiff's and her granddaughter's denial, we cannot say that the court's finding is against the manifest weight of the evidence. See *Brody v. Hess* (1979), 75 Ill. App. 3d 402, 394 N.E.2d 570; *Kalman v. Bertacchi; People ex rel. Illinois State Dental Society v. Iole* (1974), 19 Ill. App. 3d 894, 312 N.E.2d 328; *Thomas v. Colorado Trust Deed Funds, Inc.* (10th Cir. 1966), 366 F.2d 136.

■■ Nor do we believe that the Statute of Frauds (Ill. Rev. Stat. 1979, ch. 59, par. 2) is applicable to the present case. Section 2 provides:

"No action shall be brought to charge any person upon any contract for the sale of lands, * * * unless such contract * * * shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party. *This section shall not apply to sales * * * by any officer or person pursuant to a judgment or order of any court in this state.*" (Emphasis added.)

We believe that an agreed order was orally consummated on August 1, 1979, as evidenced by Judge Wosik's written order entered that day

referring to a settlement. After presenting the settlement to the trial court for its approval, any subsequent performance of the settlement would have been "pursuant to order of the court" and therefore within the statutory exception to the Statute of Frauds. Accordingly, we hold that for purposes of the Statute of Frauds, a binding and enforceable agreed order may be transacted orally provided that it is clear the trial court assents to the settlement.

Plaintiff nevertheless maintains that the Statute of Frauds must apply to the preliminary issue of the attorney's authority to enter into the agreed order. This assertion begs the question. When the trial court assents to a settlement, thereby rendering the sale one pursuant to order of the court, the trial court has impliedly made a determination as to the parties' consent and their attorneys' authority. The safeguards of the Statute of Frauds are fully met when a settlement is reached in open court in the presence of the parties. Accordingly, the Statute does not apply to the circumstances of the present case.

■■ ■ Plaintiff also contends that the trial court committed reversible error in excluding certain testimony by her and her granddaughter. Plaintiff testified that in Judge Wosik's presence she told her attorney that the subject property was worth $35,000 and that she wanted $17,500 in settlement. Plaintiff also testified that she c⸗lled her attorney on August 2, 1979, to tell him that she would not accept the settlement. Upon defendants' objections to these answers, the testimony was stricken as inadmissible hearsay. Plaintiff's granddaughter was similarly not permitted to testify that she heard plaintiff tell her attorney she would not accept the settlement. Where the making of the statement carries with it legal significance, the statement is admissible as a legally operative fact. (E. Cleary & M. Graham, Handbook of Illinois Evidence §801.5, at 401 (3d ed. 1979).) The existence and extent of an agency relationship is contractual in nature and plaintiff's statements to her counsel delineating the scope of the contract were admissible on this basis. (*Rice & Bullen Malting Co. v. International Bank* (1900), 185 Ill. 422, 56 N.E. 1062; *Geraci v. Sultan* (1932), 268 Ill. App. 294; 6 Wigmore, Evidence §1770, at 259-62 (Chadbourn rev. 1976); *cf. Digman v. Johnson* (1960), 18 Ill. 2d 424, 164 N.E.2d 34.) The trial court erred in excluding this testimony.

■■ Yet the exclusion of such testimony does not mandate a reversal unless the exclusion affected a substantial right causing prejudice. (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a).) Where substantially the same testimony ultimately is admitted, there is no prejudice as a result of the improper exclusion. (*O'Brien v. Walker* (1977), 49 Ill. App. 3d 940, 364 N.E.2d 533.) Plaintiff had previously testified that in a discussion with her attorney on August 1, 1979, just outside the courtroom, he told her that defendants wished to settle for $10,000 and she replied that she would not. This

testimony sufficiently set forth plaintiff's position as to the limits of her counsel's contractual authority to settle. Consequently, she was not prejudiced by the other exclusions. (*O'Brien v. Walker.*) The trial court also ruled that plaintiff could not testify as to her conversation with her attorney on August 1. We need not address the correctness of this ruling since no offer of proof was made. *City of Chicago v. Merton Realty* (1981), 99 Ill. App. 3d 101, 424 N.E.2d 1326.

Plaintiff also contends that the trial court erred in awarding defendants section 41 fees and costs. We need only consider the timeliness of the section 41 petition.

The statute which was amended in 1977 now states that where allegations in pleadings are untrue and made without probable cause, the opposing party may recover fees and costs provided a petition is filed within 30 days after the judgment. (Ill. Rev. Stat. 1979, ch. 110, par. 41.) The statute is penal in nature and therefore is to be construed strictly. (*Tower Oil & Technology Co. v. Buckley* (1981), 99 Ill. App. 3d 637, 425 N.E.2d 1060; *Medical Modalities Association v. Quick* (1978), 65 Ill. App. 3d 300, 382 N.E.2d 620.) Where statutory language is clear and unambiguous we are not free to interpret or broaden its terms. (*Nordine v. Illinois Power Co.* (1965), 32 Ill. 2d 421, 206 N.E.2d 709.) We believe that defendants' petition, filed in excess of 30 days after entry of the specific performance judgment, was untimely.

■■ Defendants nevertheless maintain that a section 41 petition for fees is timely so long as the trial court has jurisdiction over the cause. We do not agree. Prior to the 1977 amendment, section 41 did not provide a quantified limitation period for filing a petition. Instead, section 41 provided that fees were to be assessed "at the trial." A number of cases held that "the trial" period extended so long as the court had jurisdiction, and that petitions filed during that period were timely. (See, *e.g., Sarelas v. Law Bulletin Publishing Co.* (1969), 115 Ill. App. 2d 205, 253 N.E.2d 168.) When our legislature amended section 41, however, it deleted the phrase "at the trial" and replaced it with the present 30 day rule. A legislative amendment is presumed to change the law existing prior to its enactment. (*Saltiel v. Olsen* (1979), 77 Ill. 2d 23, 394 N.E.2d 1197.) We believe that the passage of a precise 30-day limitation in the face of existing decisions permitting section 41 filings in excess of 30 days evinces legislative intent to limit the period during which a party is subject to the terms of a penal statute. In so holding, we are aware of the decision of this court in *In re Application of County Collector* (1978), 66 Ill. App. 3d 437, 383 N.E.2d 1224, which follows *Sarelas* despite the 1977 amendment. We disagree with the reasoning enunciated therein.

Accordingly, the judgment of the circuit court of Cook County ordering specific performance of the settlement agreement is affirmed.

The judgment awarding section 41 costs and fees to defendants is reversed.

Affirmed in part; reversed in part.

WHITE, P. J., and RIZZI, J., concur.