**KNORR BRAKE CORPORATION,**
**Plaintiff,**

v.

**HARBIL, INC., et al., Defendants.**

**No. 81 C 6842.**

United States District Court,
N.D. Illinois, E.D.

Jan. 20, 1983.

Richard M. Franklin, Baker & McKenzie, Chicago, Ill., for plaintiff.

Kirkpatrick W. Dilling, Dilling, Dilling & Gronek, Chicago, Ill., for defendant Harbil, Inc.; J.D. McLeod, Dahlberg, Mallender & Gawne, Detroit, Mich., of counsel.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Knorr Brake Corporation ("Knorr Brake") initially sued Harbil, Inc. ("Harbil") and P.E.P. Industries, Ltd. for rescission, breach of contract and injunctive relief based on their alleged breach of an agreement between Knorr Brake and Harbil. Harbil responded with a counterclaim charging Knorr (the collective term used in this opinion to denote Knorr Brake and its corporate parent, Knorr-Bremse GmbH ("Knorr-Bremse")) with various torts and breaches of contract and fiduciary duties. Harbil also moved to join seven individuals as additional counterdefendants,[1] but this Court denied that motion, 550 F.Supp. 476 (N.D.Ill.1982).

█ Knorr have now moved:

(1) under Ill.Rev.Stat. ch. 110, § 2–611 ("Section 2–611")[2] for an assessment

1. Harbil's original "Counter-Complaint," filed in February 1982, named only the two Knorr corporations as counter-defendants. Harbil filed its "First Amended Counter-Complaint" (the "Counter-Complaint") in August 1982, simultaneously moving to join the individuals (all Knorr executives) as counterdefendants. See 550 F.Supp. 476, 477 & n. 1 (N.D.Ill.1982).

2. Section 2–611 provides in pertinent part:

Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal.

against Harbil of the reasonable expenses and attorneys' fees actually incurred by Knorr in opposing Harbil's motion; and

(2) under 28 U.S.C. § 1927 ("Section 1927")[3] for an assessment against Harbil's attorneys requiring them to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred by Knorr in opposing Harbil's motion. For the reasons stated in this memorandum opinion and order, Knorr's motion for an assessment against Harbil is denied and for an assessment against Harbil's counsel[4] is granted.

### Background

This opinion need not recount the procedural history of this action. See 550 F.Supp. at 477–78. Only Harbil's joinder motion is relevant here.

Harbil's Counter-Complaint Count V (¶ 39) alleged the seven individuals had conspired with Knorr to cause the injuries Harbil had asserted against Knorr in the four preceding counts. When that pleading was first tendered to this Court at one of its daily motion calls, this Court (having reviewed Count V in a preliminary way) directed Harbil to address two issues in its supporting memorandum:

(1) whether this Court could exert personal jurisdiction over those individuals; and

(2) whether under Illinois law[5] a conspiracy claim will lie against individuals for allegedly conspiring with their own corporation.

See 550 F.Supp. at 478.

Despite that clear directive Harbil initially failed to address the personal jurisdiction issue at all, and then its later memorandum ignored Knorr's answering citation of controlling Illinois law. 550 F.Supp. at 479 & n. 8. On the intracorporate conspiracy issue Harbil was largely evasive, and insofar as it addressed even a tangential issue it persisted in misciting and misusing precedent. *Id.* at 479–80 & nn. 9–10.

To compound its sins Harbil also unilaterally delayed completion of the briefing on Knorr's motion for attorneys' fees, filed in response to Harbil's joinder motion. *Id.* at 477–78 n. 3. In fact Harbil failed to respond to Knorr's fees motion despite this Court's specific orders to address that issue.[6]

Harbil has now filed its belated answering brief on Knorr's fees motion, and Knorr has filed an additional reply brief. Thus the issue is now ripe for resolution.

### Assessment Against Harbil

Section 2–611 embodies a 1976 amendment to its statutory predecessor.

---

3. Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

It permits assessing fees against lawyers, not litigants, and is applicable in all federal court actions. *Chicago Regional Port District v. Ferroslag, Inc.,* 531 F.Supp. 401, 402 & n. 3 (N.D. Ill.1982).

Section 2–611 (formerly Ill.Rev.Stat. ch. 110, § 41) is applicable in diversity actions. *Royal Indemnity Co. v. Kenny Construction Co.,* 528 F.2d 184, 190–91 (7th Cir.1975), *cert. denied,* 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976); *Tryforos v. Icarian Development Co.,* 518 F.2d 1258, 1265–67 & n. 27 (7th Cir.1975), *cert. denied,* 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976).

4. While this motion was pending Harbil changed lawyers, with the original counsel staying in the case only to deal with this motion. All references to "Harbil's counsel" in this opinion are therefore to their original lead counsel, Kirkpatrick W. Dilling, who handled all court appearances and signed the relevant briefs (though his associates Dennis M. Gronek and Robert E. Armstrong have also filed appearances for Harbil, and Harbil's Nov. 5, 1982 Mem. 15 identifies J.D. McLeod of Detroit as co-counsel).

5. Illinois law of course provides the rules of decision for all substantive questions in this diversity action. See this Court's first opinion in this action, slip op. at 9 n. 8 (Jan. 28, 1982).

6. Those orders were issued in connection with this Court's grant of two Harbil motions to extend time within which to respond to Knorr's answering memorandum on the joinder motion and Knorr's supporting memorandum on the fees issue. Orders, September 17 and 29, 1982.

That amendment eliminated the moving party's need to show an absence of good faith to recover from a party who has pleaded "[a]llegations and denials, made without reasonable cause and found to be untrue." See Jenner & Martin, "Supplement to Historical and Practice Notes," Ill. Ann.Stat. ch. 110, § 41 (Smith-Hurd 1982 Supp., at 20). Nevertheless Section 2–611 remains penal in nature and is to be strictly construed. *Szymkowski v. Szymkowski,* 104 Ill.App.3d 630, 635, 60 Ill.Dec. 310, 314, 432 N.E.2d 1209, 1213 (1st Dist.1982); *Tower Oil & Technology Co. v. Buckley,* 99 Ill. App.3d 637, 650, 54 Ill.Dec. 843, 853, 425 N.E.2d 1060, 1070 (1st Dist.1981).

Knorr's memoranda have not directly addressed any claimed infirmity in Harbil's *pleadings.* Instead Knorr have argued the many deficiencies in Harbil's memoranda. See Knorr's Sept. 13, 1982 Mem. 9–10; Oct. 13, 1982 R.Mem. 3–8; Nov. 24, 1982 Add.R. Mem. 2–10.

Knorr does make one implicit charge as to Harbil's *pleadings:* It argues (Oct. 13 R.Mem. 8) Harbil moved to join the individuals as counterdefendants simply to harass Knorr and to gain litigation leverage. Yet that assertion, even if Knorr's surmise were indulged, does not amount to a claim (let alone a showing) Harbil's pleadings contained allegations "made without reasonable cause and found to be untrue." This Court made clear (550 F.Supp. at 478–81) Harbil's motion failed not because its allegations were *factually* frivolous or duplicitous, but rather because those allegations did not meet the *legal* tests for establishing personal jurisdiction over the individuals and for stating a conspiracy when they allegedly had acted only in concert with their own corporations.

In any case Knorr have not borne the burden of showing Section 2–611 applicable to Harbil's pleadings. Knorr's motion for a Section 2–611 assessment against Harbil must be denied.

### Assessment Against Harbil's Counsel

As already remarked, Knorr have concentrated on Harbil's memoranda—and there-fore on Harbil's counsel's failings. Indeed Knorr's final memorandum stresses its entitlement to an award under Section 1927, to the near exclusion of reliance on Section 2–611. See Nov. 24 Add.R.Mem. 11–12.

Harbil's counsel has done nothing to lead this Court to take a more charitable view of the submissions filed on behalf of his client. Counsel was utterly unresponsive to this Court's direct requests that certain issues be briefed, and he played fast and loose with precedents even after his oversights were called to his attention. 550 F.Supp. at 478–80.

Counsel's ultimately-filed memorandum on the fees issue aggravates rather than tempers the situation. It first suggests (Nov. 5, 1982 Mem. 1) counsel's memory failed him on what had happened at the original hearing on Harbil's joinder motion—apparently to excuse counsel's delinquency in not briefing the personal jurisdiction issue in his Sept. 1, 1982 supporting memorandum. That is a lame argument at best, given this Court's briefly-stated and clear instructions at the time of counsel's initial appearance. Moreover the plausibility of counsel's present position is undercut by his performance (or more accurately lack of performance) once the jurisdictional issue was outlined for him by Knorr. Counsel simply persisted in ignoring the real legal questions and controlling precedents. 550 F.Supp. at 479 & n. 8.

At this point counsel's only real response (Nov. 5 Mem. 10–13) is that neither Knorr nor this Court cited *for him* a case that would have educated him on the issue posed! And in the process counsel repeats arguments rejected by this Court—arguments that reveal only continuing confusion or recalcitrance.

In like manner, counsel "defends" his performance on the intracorporate conspiracy issue only by repeating his prior assertions (Nov. 5 Mem. 4–10). He has made no effort to show his misuse of precedent indicates anything other than a refusal to admit the positions he advanced were either irrelevant or legally indefensible. See 550 F.Supp. at 480.

Harbil's counsel's real defense is to take the offensive—or rather to become offensive to this Court. He suggests (Nov. 5 Mem. 4) this Court has predetermined the questions here against him. That charge is based on this Court's having corrected counsel's misuse of precedent in open court. See 550 F.Supp. at 477 n. 2. But the incident reveals not this Court's prejudice but counsel's resentment at being caught.[7]

This Court finds counsel repeatedly staked out positions that were quickly revealed as legally indefensible. Nonetheless he persisted in arguing those positions in defiance of precedent and in disregard of the issues as properly posed by this Court and Knorr.

■ This case may profitably be contrasted with last week's decision by our Court of Appeals construing and applying Section 1927, *Overnite Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789 at 794–95 (1983). *Overnite* recognizes the applicability of Section 1927 to the situation where a proposed lawsuit "was without either a legal or factual basis[8] and the attorney was or should have been aware of this fact" (*id.* at 794). That was precisely the case as to Harbil's Counter-Complaint against the individuals. And counsel's proposed institution of that Counter-Complaint did not even begin to approach "the good faith filing of a claim supported by an arguable legal theory . . ." (*id.* at 795). Finally it is not necessary to find counsel guilty of subjective bad faith to invoke Section 1927 (see discussion by our Court of Appeals in another of its decisions of last week, *McCandless v. Great A & P Tea Co.,* 697 F.2d 198 at 200–01 & n. 4 (1983).[9]

■ By definition then Harbil's counsel has "both (1) multiplie[d] the proceedings, and (2) do[ne] so in a vexatious and unreasonable fashion" (*Overnite,* at 794). Section 1927 is plainly applicable.

### Conclusion

Knorr's motion for an assessment against Harbil is denied. Harbil's counsel[10] is required personally to satisfy "the excess costs, expenses, and attorneys' fees reasonably incurred" by Knorr because of Harbil's motion to join the additional individual counterdefendants. Knorr is ordered to submit affidavit evidence as to those expenses and fees (in the latter respect, showing the time spent by counsel, the claimed hourly rates, the credentials of counsel supporting those rates and any other facts relevant to the fees requested) on or before January 28, 1983. Harbil's counsel are ordered to file a response on or before February 7, 1983 identifying the issues if any that they wish to contest and stating whether they request an evidentiary hearing or are prepared to submit the matter on the papers filed by the parties. This action is set for a status hearing February 9, 1983 at 9 a.m.

---

**7.** What occurred was that on presenting the proposed Counter-Claim in court, counsel cited *LaBatt v. Twomey,* 513 F.2d 641 (7th Cir.1975) as purported authority for an absolute right to file, so this Court had no discretion in the matter. This Court left the bench momentarily, obtained the case from its chambers library, read it and found that the very page to which counsel had referred contained a footnote that directly belied counsel's position where the new pleading also added new parties. This Court then pointed out the miscitation of *LaBatt* to counsel. Of such stuff are counsel's "indicia of an unjustified predetermination of the issues" born.

**8.** It is clear from both the context and the discussion in *Overnite* that this language does not require that the lawsuit have been frivolous in terms of *both* its factual allegations and its legal theory. It is enough if the lawsuit accu-

rately states facts that the lawyer knows or should know clearly cannot ground an action.

**9.** Interestingly enough, however, there is a striking parallel between the lawyer's conduct found by the *McCandless* trial court to demonstrate subjective bad faith and the conduct of Harbil's counsel here. *Id.,* at 201–02.

**10.** All Harbil's counsel of record bear responsibility for Section 1927 liability. Because Mr. Dilling appears to have been the individual primarily involved, however, liability will be imposed on him in the first instance (though Harbil's several co-counsel are free to reallocate liability solely among themselves). Only to the extent if any Mr. Dilling does not satisfy the amount assessed will his co-counsel be looked to.